STATE v. MESSER.*

(Division A. April 26, 1926.)

[108 So. 145. No. 25447.]

1. CRIMINAL LAW. *Evidence obtained in search by city marshal and private citizen without warrant held properly excluded, although made outside of limits of municipality, where record shows marshal was acting under color of office.*

Evidence in liquor prosecution, obtained in search of defendant's automobile by town marshal and private citizen without a warrant, *held* properly excluded, although officer was outside of corporate limits when making search, it appearing from record that he was acting under color of office.

2. CRIMINAL LAW.

Evidence illegally obtained by officer under color of office is charged with same infirmity as that illegality obtained by virtue of office.

*Corpus Juris-Cyc References:  Criminal Law, 16CJ, p. 571, n. 93; Municipal Corporations 28Cyc, p. 496, n. 70; New; Admissibility against defendant of document or articles taken from him, see notes in 59 L.R.A., 465; 8 L.R.A.(N.S.), 762; 34 L.R.A.(N.S.), 58; L.R.A, 1915B, 834; L.R.A.1916E, 716; Admissibility of evidence obtained by illegal search and seizure, see note in 24 A.L.R. 1408; 10 R.C.L. 933; 2 R.C.L. Supp. 1112; 4 R.C.L. Supp. 679; 5 R.C.L. Supp. 573.

APPEAL from circuit court of Lamar county.

HON. J. Q. LANGSTON, Judge.

Vernon Messer was convicted in justice court of the unlawful possession of intoxicating liquors, and on appeal to the circuit court he was acquitted on a peremptory instruction, and the State appeals.  Affirmed.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

When a marshal of a municipality is outside corporate limits of such municipality, he is a private citizen and has no authority as an officer. *Riley* v. *James,* 73 Miss. 1. From the proof in this case it is clear that Beasley was a private citizen; that Herrin was the marshal of the town of Sumrall, but that the search was made outside the corporate limits of said town; that Herrin was, therefore, acting as a private citizen and not as an officer when he made the search of Messer's car.

In *Hampton* v. *State,* 132 Miss. 154, this court holds that "the evidence complained of was properly admitted for the prohibition against unreasonable searches and seizures contained in section 23 of the state constitution is 'intended to prevent such as are made through governmental agencies and has no bearing on the unauthorized acts of private persons,'" and cites with approval the following cases as authorities for said doctrine: 24 R.

C. L. 704; *Weeks* v. *U. S.*, 232 U. S. 383, 58 L. Ed. 652, L. R. A. 1915-B, 834 Am. Cas. 1915-C, 1177; *Williams* v. *State*, 100 Ga. 511, 39 L. R. A. 269.

In the event that this court should hold that Herrin was acting in his official capacity, then the doctrine laid down in *Donovan Moore* v. *State*, 103 So. 483, would control. However, my contention is that Herrin was acting as a private citizen and this case, therefore, has no application.

No brief filed for appellee.

Cook, J., delivered the opinion of the court.

The appellee was convicted in a justice court of district No. 5 of Lamar county on a charge of unlawfully having in his possession intoxicating liquors. He appealed to the circuit court, and upon the trial of the case in that court, at the conclusion of the evidence offered by the state, the court sustained a motion to exclude the evidence, and peremptorily instructed the jury to find the defendant not guilty, and, from the judgment of acquittal, the state prosecuted this appeal.

The testimony offered by the state was excluded on the ground that it had been obtained by means of an unlawful search of appellee's automobile. The facts in reference to the search were substantially as follows: The marshal of the town of Sumrall, in Lamar county, received information that the appellee was near Epley in said county, about four or five miles from Sumrall, and that he had whisky in his car. In company with a private citizen, whom he requested to go with him, he proceeded to Epley and searched the car, finding therein a quantity of whisky. These parties had no warrant authorizing the search of this car.

The state contends that the marshal of a municipality has no power or authority as an officer outside of the corporate limits of such municipality, and that the act

of this marshal in making the search was the unauthorized act of a private citizen, for which the state is not responsible, and consequently that the evidence secured by this unlawful search of appellee's car was admissible against him.

It is true that the marshal of a municipality cannot serve process or lawfully perform other official acts outside of the corporate limits of the municipality for which he is elected, but it does not necessarily follow that the acts of an officer attempting to discharge official duties outside of the limits of his district or municipality are in the same category as the acts of a private citizen. From the testimony of this marshal it is not entirely clear that he was not acting as a deputy sheriff when he made this unlawful search and arrest, but it is clear from the whole record that he was acting under color of office, and testimony illegally obtained by an officer acting under color of his office is charged with the same infirmity as that illegally obtained by virtue of office.

The testimony of the officer as to the information upon which he acted was not sufficient to show such probable cause as would authorize the search of the automobile without a search warrant, within the doctrine of the case of *Donovan Moore* v. *State,* 103 So. 483, 138 Miss. 116.

*Affirmed.*