## McNutt v. State.*

(Division B.   June 7, 1926.)

[108 So. 721.   No. 25662.]

1. CRIMINAL LAW.  *Intoxicating liquors.  Officer undertaking to search automobile without warrant is not final judge of probable cause or sufficiency of information on which he acts; whether officer searching automobile without warrant has probable cause or sufficient information is question for decision of court, when evidence so obtained is offered at trial; facts on which officer searching automobile without warrant acts must be sufficient in law to constitute probable cause (Laws 1924, chapter 244, section 2).*

   Where an officer, acting under chapter 244, Laws of 1924, section 2, undertakes to search an automobile without a warrant, the officer is not the judge finally of the probable cause, or the sufficiency of the information upon which such officer acts. This is a question for the decision of the court when the evidence obtained by the unlawful search is offered in the trial of the case. The facts upon which the officer acts must be sufficient in law to constitute probable cause, and this is a judicial question for the decision of the court.

2. CRIMINAL LAW.  *Admissibility of evidence is for decision of judge; evidence obtained by illegal search must be objected to when it is offered to render its admission error; without objecting to introduction of evidence claimed to have been obtained by illegal search, defendant cannot prove facts and have jury determine sufficiency of probable cause for search without warrant (Laws 1924, chapter 244, section 2).*

   The admissibility of the evidence is for the decision of the judge, and must be objected to at the time it is offered to be availed of. Without interposing objection, the defendant cannot, after the evidence is in, prove the facts before the jury and have the jury determine the sufficiency of the evidence to constitute probable cause. The rule might be different if the officer was being sued

civilly or prosecuted criminally, and the defense was that he acted upon probable cause.

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 874, n. 99; p. 885, n. 63; p. 921, n. 87; p. 926, n. 62; Intoxicating Liquors, 33CJ, p. 679, n. 51 New.

APPEAL from circuit court of Alcorn county.

Hon. C. P. Long, Judge.

C. D. McNutt was convicted of possession of intoxicating liquor, and he appeals. Affirmed.

*T. A. Clark,* for appellant.

The record clearly shows that the sheriff had been watching appellant at least a day before he was caught, that it was the suspicion of the sheriff which caused him to make this search, and that he had no right under the law to act on suspicion in making this search. Furthermore, he had ample time to obtain a search warrant which he should have done. *Moore* v. *State,* 103 So. 483.

Section 2, chapter 244, Laws of 1924, clothed the sheriff and other officers with power to search automobiles and other vehicles when they had reasons to believe and did believe that intoxicating liquors were being transported in violation of law. I think the Moore case bears out the contention of appellant that the officer has no right to search the automobile on suspicion. The sheriff testified that he acted on information from a credible person which caused him to make the search.

The court was in error in sustaining objection to question of counsel for defendant to the witness, Sheriff Coleman, asking him from whom he obtained this information which caused him to make the search. The state was relying on the proposition of the right to make this search and seizure on the information of a credible person and, therefore, it was competent for the sheriff to disclose from whom he obtained this information so that

it could be ascertained whether or not the informant was a credible person.

In this case the jury should not only have been called upon to pass on the question of the defendant's having in his possession intoxicating liquor, but they should have been permitted under proper instructions from the court to have determined the credibility of the person who gave the sheriff the information. It was only the sheriff's opinion as to the party being a credible person. Whether the informant was a credible person was a question for the jury.

In the case at bar it does not make any difference whether the appellant was guilty or innocent, whether he had liquor in his possession or not, but before he should be convicted he has a right to know and the jury ought to have a right to know whether the man who gave the information to the sheriff was a credible person. 24 R. C. L., p. 707, par. 9.

This cause should be reversed and defendant given a new trial.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

The only point raised by counsel in his brief is that the sheriff did not have a search warrant and that the information on which he acted in searching the car of the defendant was not information obtained from a credible person so as to constitute probable cause. Their objection is based on the refusal of the court to permit the witness to be cross-examined as to what was the name of the informant. He makes the argument that the jury is the body which should have the right to say whether or not such informant was a credible person. In our opinion the cases of *Moore* v. *State,* 103 So. 483, and *Loeb* v. *State,* 133 Miss. 883, have decided this point contrary to the contention of the defendant.

The sheriff is the only party who would have the right to determine whether or not the facts given him by the

witness were such facts as would constitute probable cause, because probable cause to believe that a crime is being committed is such as would arise in his mind and not in the mind of some other party.

· From the testimony of the sheriff in this case, probable cause existed and he was authorized under the Moore case in proceeding to make the search and to testify to the facts obtained by him from the search.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, McNutt, was tried and convicted in the circuit court for possessing intoxicating liquor, and sentenced to a fine of five hundred dollars and ninety days in jail. The case arose because the sheriff had some kind of information, which is not disclosed in the record, that the appellant was coming along the public highway with intoxicating liquor in his car, and the sheriff stationed himself and his deputies along the highways, and, when appellant came along, the sheriff halted him and searched the car, and found therein a large quantity of intoxicating liquor, whereupon he arrested appellant, who was tried and convicted on the evidence of the sheriff obtained by such search without a warrant. Prosecution was instituted before a justice of the peace where appellant was convicted and appealed to the circuit court, where, as above stated, he was again tried and convicted.

There was no objection to the evidence when it was first offered, but on cross-examination the attorney for the appellant sought to elicit from the sheriff and the other state witnesses the kind and character of information which they had under which they acted in making the search without a warrant, but the court sustained the objection of the state to the question seeking this information from the witness as to what the information was, who the person was that gave it, and the time when they received the information, and the action of the

court in thus ruling constitutes the assignment of error in this case.

The appellant insists that there was not a showing of probable cause which would authorize the search of the automobile without a warrant, as provided for in the Act of 1924, chapter 244, section 2, and as held in *Moore v. State,* 138 Miss. 116, 103 So. 483, while the state insists that, if the sheriff had such information as would lead men of ordinary caution, prudence, and good conscience impartially, reasonably, and without prejudice upon such facts to believe the accused person guilty, and where the sheriff says he. had such information, the sheriff is the only party who would have the right to determine whether or not the facts given him by the witnesses were such facts as would constitute probable cause.

In the Moore case there was no question as to the sufficiency of the information shown in the record to constitute probable cause, and the court in that case held that, where there was probable cause, no search warrant need be obtained upon proper affidavit. What is probable cause and the sufficiency of the evidence to constitute probable cause are judicial questions to be determined by the court, and, if in fact the information obtained by the officer is insufficient to constitute probable cause, a search will be illegal, although the sheriff or constable might think it sufficient. They are not the final judges. The facts must amount to probable cause, and the court will pass judicially upon whether the information amounts to probable cause or not in each case coming before it.

The objection by the appellant, however, was not seasonably made. It should have been made when the evidence was offered, and, if made at that time, it would be the duty of the court before admitting it before the jury to hear the facts and pass upon the competency of the evidence as in other cases. The questions propounded on cross-examination would be proper questions upon

a hearing before the judge as to the admissibility of the evidence. The admissibility of the evidence is for the court, and not for the jury. On objection, the court will inquire into the competency of the evidence, and on the hearing before the court the facts may, and should, be, inquired into that throw light upon that question.

It is true that in a different character of case, such as a suit for damages, or a criminal prosecution against an officer for trespass, the jury would perhaps be called upon to pass upon the sufficiency of the evidence to sustain or defeat the action, but in the case before us the competency and sufficiency to constitute probable cause was exclusively for the court. The appellant having failed to object at the proper time, he cannot now, after the evidence had been admitted without objection, object that he was not permitted to develop the facts with reference to the sheriff's information leading to the search and securing of evidence. The judgment of the court will, therefore, be affirmed.

*Affirmed.*