### CHRESTMAN *v.* STATE.*

(Division A.  Dec. 5, 1927.)

[114 So. 748.  No. 26593.]

1. ARREST. *Criminal law.  Mere statement of officer to person to come back next day and pay fine held not an arrest, authorizing search of car and admission of articles found.*

   Mere statement of an officer to a person that he would be expected to come back on the following day and pay a fine for violation of law does not constitute an arrest, so as to authorize search of his car and admission against him on criminal prosecution of articles there found.

2. INTOXICATING LIQUORS. *Discovery that some one in car had drunk liquors held not probable cause, authorizing its search (Hemingway's Code 1927, section 2239 et seq.).*

   Search by officer of car for liquor is not on probable cause, so as to be authorized by Acts 1924, chapter 244, section 2 (Hemingway's Code 1927, section 2239 *et seq.*), merely because he discovered, as he believed, that some inmate of it had drunk intoxicating liquor.

*Corpus Juris-Cyc. References: Arrest, 5CJ, p. 385, n. 5; Criminal Law, 16CJ, p. 567, n. 2; p. 571, n. 93; Intoxicating Liquors, 33CJ, p. 679, n. 57.

APPEAL from circuit court of Quitman county.

HON. W. A. ALCORN, JR., Judge.

John M. Chrestman was convicted of transporting liquor, and he appeals.  Reversed and remanded.

*W. M. Donaldson,* for appellant.

148 Miss.—43.

We recognize the fact that the legislature has attempted to abolish the guaranties of the constitution by legislative enactment, and to give officers a free hand to make searches and seizures when and how they might desire, without the necessity of first procuring warrants for their official acts, but this court held that such searches must still be reasonable searches as guaranteed by the Constitution, that a probable cause must exist to warrant them in searching without a warrant, and that evidence procured by an unlawful search is incompetent.

*Moore* v. *State,* 103 So. 483, holds that the search of an automobile, or other vehicle, for intoxicating liquors is valid and is not unreasonable, if made on probable cause. It also holds that information given an officer by a credible person, that intoxicating liquor is being transported in an automobile, is sufficient probable cause to justify a search by him of the automobile without a warrant therefor, under section 2, chapter 244, Laws of 1924. It further holds that the reasonableness of the search without a warrant, is a judicial question to be determined by the court in each case. This was the first case decided by our court construing and holding valid section 2, chapter 244, Acts of 1924.

It is further said, however, in the *Moore case, supra,* that: "When a search is made without a warrant, the person making it must justify his act in so doing, by proving that he had probable cause therefor." Of course, it is a judicial question as to whether such officer has "proven that he had probable cause therefor," and is to be determined in each case by the circumstance under which the search was made, and the presence or absence of probable cause therefor, and the officer himself is not the final judge of the probable cause, nor the sufficiency of the information upon which he acts. The evidence is for the judge to hear, and for him to decide whether or not it is admissible. See, also, *McNutt* v. *State,* 108 So. 721.

But, "The judge's finding of probable cause is subject to review in this court." *Ingram* v. *State*, 111 So. 362. In *Cook* v. *State*, 111 So. 381, it is said: "This case is controlled by *Moore* v. *State*, 138 Miss. 116, 103 So. 483; *McNutt* v. *State*, 108 So. 721; *State* v. *Messer*, 108 So. 145."

There was a fatal variance in the verdict and judgment. The verdict returned was not the verdict of the jury, and no verdict was reached by the twelve members of the jury. To make the verdict good, it must show unanimity. 38 Cyc. 1875; *Bond* v. *State*, 69 Miss. 648, 9 So. 353. Under the circumstances, the jury should have been sent back to reconsider their verdict until they had reached a unanimous conclusion, or a mistrial should have been entered. The only safe way would have been to enter a mistrial. *Kramer* v. *Kister*, 44 L. R. A. 432. The verdict is the basis of the judgment to be entered, and the judgment must be responsive to the verdict. 16 C. J. 1302; *Wood* v. *State* (Okla.), 45 L. R. A. (N. S.) 673.

This cause should be reversed, if for no other reason, that the court sentenced appellant under chapter 210, Laws of 1922, which has been by this court declared unconstitutional. *Buford* v. *State*, 111 So. 850; *Jordan* v. *State*, 111 So. 860; *Holmes* v. *State*, 111 So. 860.

*James W. Cassedy, Jr.*, Assistant Attorney-General, for appellee.

*The search made was lawful.* At the time this search was made the officer had probable cause to search the appellant's automobile at this particular time when he knew that the two companions of this appellant were drinking and he had suspicions that these parties had in their possession intoxicating liquor, and at this particular time he could look inside this automobile and see the keg of whisky on the floor which caused him to believe, and would cause any reasonable man to believe, that it contained whisky.

Furthermore there was an arrest made of the appellant and this officer had a right to make this search without a warrant therefor. To constitute a lawful arrest there must be four things: First, a purpose to take a person into custody. Second: a real or pretended authority: Third: an actual or constructive seizure or detention. Fourth: so understood by a person seized. *Toliver* v. *State,* 133 Miss. 789, 98 So. 342.

The verdict, "We, the jury find James M. Chrestman guilty as charged," was returned by the jury. A poll of the jury was taken and six of the jury understood the verdict to be for transporting liquor. Appellant contends that notwithstanding the way the verdict is written it is not the true verdict of the jury; that to "possess intoxicating liquor" and to "transport intoxicating liquor" are two distinct crimes, and that because the jury do not agree that the defendant had possession of intoxicating liquor as charged in the indictment that this verdict is an acquittal of the charge. I submit that this is a good verdict and that there is no merit in counsel's contention; that it makes no difference whether part of the jury believed that the appellant was transporting this intoxicating liquor or not, that if they believed that he was transporting the intoxicating liquor it is sufficient to show that they believed he possessed it. This verdict shows that all of the jury believed that he knowingly had the whisky in his automobile. Therefore, I submit that the verdict is good.

McGOWEN, J., delivered the opinion of the court.

Appellants John M. Chrestman, Lorane Baker, and Garland Savage were indicted by the grand jury of Quitman county, the indictment charging them jointly with having in their possession unlawfully more than one quart of intoxicating liquor. Savage and Chrestman were jointly tried in the circuit court, and Chrestman was

found guilty as charged, and Garland Savage was acquitted.

Instruction No. 2 for the state indicated that the jury was trying the defendants on a charge of transporting intoxicating liquors. Upon a poll of the jury, six responded that they had convicted the defendant of transporting liquors. The judgment of the court imposed a fine of one hundred dollars and thirty days in jail "for his offense of transporting liquors" against Chrestman.

In this case the conviction was had upon the testimony of Mike Omar, the marshal of the town of Lambert, who arrested the three defendants without a warrant, and who found liquor in the car of the defendant Chrestman.

There was a preliminary examination by the court as to the circumstances attending the search of defendant's car, which search resulted in the marshal, Omar, finding about four gallons of whisky therein. Late that night, hearing the noise of a car running without a muffler on the cut-out, he arose from his bed and went to a filling station near by, where he found the three defendants buying gasoline for the car. He got after them and "bawled" them out for running the car without a muffler on the cut-out, and told them they would have to pay a fine therefor. He declined to say that he arrested them therefor, but said he told them to come back the next morning. There was much examination as to his reason for searching the car, and, in his own language, "I thought they were drinking, and I just searched the car, and found a three or four gallon keg filled with whisky in the car, which Chrestman owned and was driving." He finally limited his opinion as to the parties drinking to Savage and Baker. He further said in this examination that he "fussed with them a little, kind of mad, and told them they had to come back the next day and pay a fine for running around over town with the cut-out open." The statement of the witness was very indefinite as to his reasons for searching the car. It does not appear that the witness thought these parties were drink-

ing to the extent of violating the law; that is, that they were intoxicated in a public place. Neither does the record disclose how he gained the opinion that Savage and Baker were drinking.

The lower court held that these facts, the substance of which we have detailed, constituted probable cause, that the search was legal, and the information derived thereby was admissible in evidence.

The attorney-general in this case contends that the evidence of the marshal was competent for two reasons: (1) That the marshal, Omar, gained the information after he had put the defendant and his companions under arrest for running the car with the cut-out open; and (2) that he had probable cause to believe there was whisky in the car from the fact that he found two of the defendant's associates drinking as detailed in the statement of facts.

The mere statement of an officer to a person that he would be expected to come back on the following day and pay a fine for an offense in violation of the law does not constitute an arrest. There is nothing in this record to show that the defendants, or any one of them, had any reason to believe that they were under arrest. The marshal had authority to make the arrest, but from the language used it seems there was no evident purpose to take the defendants into custody, there being neither actual nor constructive detention of the parties. So that the evidence could not be admitted, under the authority of the case of *Toliver* v. *State,* 133 Miss. 789, 98 So. 342.

2. Was there probable cause for the search of defendant's car, thereby rendering Omar's discovery of the whisky therein and the attendant circumstances competent evidence?

Section 2, chapter 244, Acts of 1924 (section 2239 *et seq.,* Hemingway's Code 1927), authorizes the search of a motor vehicle for intoxicating liquors by an officer upon probable cause.

In *Moore* v. *State,* 138 Miss. 116, 103 So. 483, this court held the above section valid and constitutional; that a search was not unreasonable when made on probable cause; that information given an officer by a credible person that intoxicating liquor was being transported in an automobile was sufficient probable cause to justify a search thereof without a warrant therefor. It was further held in that case that the reasonableness of a search with a warrant is a judicial question to be determined by the court in each case. Chief Justice SMITH, speaking for the court, further said:

"When a search is made without a warrant, the person making it must justify his act in so doing by proving that he had probable cause therefor. In the case at bar the officer could have obtained a warrant to search the automobile, though when the warrant was obtained the automobile might have been beyond reach, by making the same oath before a magistrate that he made on the trial in the court below; that is, that he had good reason to believe and did believe that intoxicating liquor was being transported in the automobile."

In the case of *McNutt* v. *State,* 143 Miss. 347, 108 So. 721, this court further held that whether or not the officer had reasonable cause to make a search of an automobile for intoxicating liquor was a judicial question to be determined by the judge.

In the case of *Ingram* v. *State,* 111 So. 362, this court held that the judge's finding of probable cause is subject to review by this court.

There is no showing in this record that the defendants, or any of them, were violating any law, unless it was the operation of the car without a muffler on the cutout, nor is there anything to indicate that the officer had good reason to believe that whisky was possessed by the defendants and was in the car. We do not think the mere fact that an officer says he searched a car upon discovering, as he believed, that some inmate of the car had

drunk intoxicating liquor is sufficient to warrant a search thereof.

The case of *State* v. *Messer,* 142 Miss. 882, 108 So. 145, is a stronger case for the state than is the case at bar; the officer making the arrest in that case did claim to have some information that whisky was in defendant's car at or near the village of Epley, in that county.

We think the evidence was secured in this case by an unlawful search of the defendant's car, and we cannot agree with the lower court that the facts in this case warranted the search or were probable cause therefor. The evidence therefore was not competent. We do not decide any other question presented in this case.

*Reversed and remanded.*