BROWN *v*. STATE.*

(Division B.   Feb. 6, 1928.)

[115 So. 436.   No. 26905.]

1. JUDGES.  *Party may waive judge's disqualification through financial interest; party proceeding without objection to judge because of financial interest waives disqualification (Constitution 1901, section 165).*

   Under section 165 of the state Constitution of 1901, a judge having financial interest in a litigation is disqualified to proceed therein, but a party may waive such disqualification and proceed with the trial before such judge; and, if he does so, without objection to the judge sitting, his consent thereto constitutes a waiver.

2. CRIMINAL LAW.  *Objection to judge for financial interest must be made in court over which he presides, and cannot be first made on appeal (Constitution 1901, section 165).*

   An objection to the judge sitting in a cause, on the ground of disqualification, must be made in the court over which such judge presides, and cannot be raised for the first time in the circuit court on appeal. *Bryant* v. *State* (Miss.), 112 So. 675.

3. CRIMINAL LAW.  *Evidence obtained by search or seizure, on information amounting to probable cause, is admissible in criminal prosecution; in prosecution for possession of intoxicating liquor, evidence obtained by attempted arrest, on information constituting probable cause, without warrant, held admissible (Constitution 1901, section 23).*

   Where a sheriff, acting upon information amounting to probable cause, searches or seizes property without a search warrant, and

objection is made to the admission of evidence, and where the court inquires into the sufficiency of evidence to constitute probable cause, and where the facts disclosed by such inquiry are sufficient to constitute probable cause, the evidence is admissible on prosecution of such offense.

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 571, n. 93; 17CJ, p. 60, n. 61; Judges, 33CJ, p. 1020, n. 7.

Appeal from circuit court of Perry county.

Hon. R. S. Hall, Judge.

Sam Brown was convicted of the possession of intoxicating liquor, and he appeals. Affirmed.

*E. W. Breland,* for appellant.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

Etheridge, P. J., delivered the opinion of the court.

The appellant, Sam Brown, was tried at the September, 1927, term of the circuit court of Perry county, on a charge of having liquor in his possession. He was convicted and sentenced to pay a fine of two hundred dollars and to serve thirty days in jail.

In the circuit court, for the first time, the appellant filed a plea to the jurisdiction of the justice court, alleging, under the decision of the case of *Ed Tumey* v. *State of Ohio,* 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 50 A. L. R. 1243, in which a justice of the peace was held disqualified because of his interest in such case, that the defendant was denied due process of law. Plea to the jurisdiction was overruled, and the cause proceeded to trial.

The sheriff was called as a witness, but his testimony was objected to as being unauthorized and inadmissible because of the evidence having been procured without a search warrant in violation of section 23 of the Con-

stitution. The court, upon objection being made, heard
the evidence bearing on the matter as to the sufficiency
of the probable cause, and admitted it. It appears from
the evidence that the sheriff received information that
Sam Brown, the appellant, had whisky in his car and
would be traveling over a settlement road on the evening
in question. Thereupon the sheriff, accompanied by two
of his deputies, went to this road and waited for the ap-
pellant to come along. In due time, the appellant came
along and was ordered by the officers to stop, but, in-
stead of stopping, he stepped on the gas and made his
escape, one of the deputies firing a shot or two as he
passed by; whereupon the defendant threw a bottle of
whisky out of his car, which struck the ground beside one
of the deputies who recovered it and found it to be in-
toxicating liquor. Later on the appellant was arrested,
but without a warrant, and, when questioned as to why
he did not stop when ordered to, stated that "he saw
Mr. Dennis (one of the deputies) standing there, and,
as he had this liquor, thought he had better make away
with it."

The appellant did not testify either on the hearing of
the objection to the evidence or on the trial on its merits.

As to the plea to the jurisdiction, the case is controlled
by *Bryant* v. *State,* 112 So. 675, in which this court held
that, if no objection was made to the justice trying the
case, the party, by implication, consented to be tried by
such officer, and consequently was not denied due proc-
ess of law, as, under section 165 of the Constitution, a
party may waive a disqualification of a judge and pro-
ceed to trial before him; and, if he so proceeds without
objection, such procedure constitutes a waiver.

In reference to the testimony of the sheriff, the court
proceeded in accordance with the announcement made in
*Moore* v. *State,* 138 Miss. 116, 103 So. 483; *McNutt* v.
*State,* 143 Miss. 347, 108 So. 721. We think the confes-

sion testified to was shown to be free and voluntary, and not objectionable. It follows that the judgment of the court below will be affirmed.

*Affirmed.*