PERRY *v.* STATE *ex rel.* WOOD, SHERIFF.*

(Division B.   April 2, 1928.)

[116 So. 430.   No. 27051.]

*Corpus Juris-Cyc. References: Intoxicating Liquors, 33CJ, p. 679, n. 51 New.  Witnesses, 40Cyc, p. 2488, n. 87; p. 2490, n. 4.

294

*Tucker & Tucker,* for appellant.

*D. C. Bramlette,* for appellee.

Argued orally by *H. Clay Tucker,* for appellant, and *D. C. Bramlette,* for appellee.

ANDERSON, J. The appellee, the state, on relation of H. A. Wood, sheriff of Wilkinson county, brought this action in the circuit court of that county, under chapter 189, Laws of 1918 (sections 2279 to 2301, inclusive, Hemingway's 1927 Code), against the appellant, to confiscate for the benefit of Wilkinson county, a Cadillac automobile owned by the appellant, on the ground that at the time of the seizure of the automobile by the sheriff it was being used by appellant in transporting intoxicating liquor in violation of law. There was a trial resulting in a verdict and judgment for the appellee, from which appellant prosecutes this appeal.

Wood, sheriff of Wilkinson county, proceeding under section 2, chapter 244, Laws of 1924 (section 2239, Hemingway's 1927 Code), searched, without a search warrant, the appellant's car. The statute provides that such a search may be made where the officer making the search has reason to believe, and does believe, that intoxicating liquor is being transported in the automobile in violation of law. The material facts were undisputed. Appellant, in a Cadillac car, drove into Woodville, the county seat of Wilkinson county, and left his car parked on one of the streets of the town. Wood, the sheriff of the county, went to the car, but, failing to find appellant in or about the car, sent Lessley, a constable of the county, to find, arrest, and bring him to the car. The sheriff stood guard over the car while the constable was looking

for the appellant. Lessley found the appellant in another part of the town from that in which the car was parked, arrested him, and brought him back to his car. Upon the appellant's return to his car, the sheriff told him that he was going to search the car for intoxicating liquor. Thereupon the appellant asked him if he had the right, under the law, to do so without having a search warrant, whereupon the sheriff stated that he had. Then the appellant stated to him that he need not make any search, because there was liquor in the car, which the sheriff found to be true upon searching the car.

Neither the sheriff nor the constable had either a warrant for the arrest of the appellant or a search warrant for the search of appellant's automobile. The ground, therefore, upon which the appellee, the state, sought to justify the search of appellant's car, was that, under section 2, chapter 244, Laws of 1924 (section 2239, Hemingway's 1927 Code), probable ground existed for such search; in other words, that the sheriff and constable had reason to believe and did believe that the prohibition laws of the state were being violated at the time such search was instituted.

Wood, the sheriff, was the only witness who testified on behalf of appellee. Upon his evidence alone depends whether or not there existed probable cause for the search. He testified that he had credible information that appellant was transporting intoxicating liquor in his Cadillac automobile in violation of law, and that he relied and acted upon such information. On cross-examination, appellant sought to have Wood give the source of his information. This Wood refused to do with the sanction of the court over appellant's objection. Whether the court erred in so ruling is the question in the case.

An officer undertaking to search an automobile for intoxicating liquor, without a search warrant, is not the final judge of whether there is probable cause for such search. His opinion as to the sufficiency of the informa-

tion upon which he acts is not. the final word upon the subject. It is a question to be decided by the court; and, furthermore, the defendant is entitled to know the source of the officer's information with a view of challenging its sufficiency, as well as the credibility of the officer in claiming to have information constituting probable cause. *McNutt* v. *State*, 143 Miss. 347, 108 So. 721; *Mapp* v. *State* (Miss.), 114 So. 825.

Wood, at the close of his testimony, while seeking to justify his search of appellant's car, stated, "I saw the liquor." Appellee argues that he meant that he saw the liquor in appellant's car before he searched the car. We do not so understand the record. We think a fair interpretation of his testimony is that he never saw the liquor until he found it in the car, as a result of the search; but that, if he did see it before he laid his hands upon it, his discovery of it was during the process of the search. It is clear from the evidence that he did not discover the liquor in the car as a casual observer, but discovered it while searching for it. It follows from these views that the court erred in refusing to. require Wood, the sheriff, to give the source of his information upon which he based the alleged probable cause for making the search without a search warrant.

*Reversed and remanded.*