EADY *v.* STATE.*

(Division B.   April 1, 1929.   Suggestion of Error Overruled May 6, 1929.)

[121 So. 293.   No. 27771.]

*Corpus Juris-Cyc References: Intoxicating Liquors, 33CJ, section 376, p. 679, n. 48, 55.  As to sufficiency of showing of probable cause for search for intoxicating liquor, see annotation in 3 A. L. R. 1517; 13 A. L. R. 1318; 27 A. L. R. 742; 39 A. L. R. 835; 24 R. C. L. 707; 4 R. C. L. Supp. 1552; 5 R. C. L. Supp. 1295; 6 R. C. L. Supp. 1434.

692

*Haralson & Hall, Stanton A. Hall* and *Colbert Dudley,* for appellants.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

ETHRIDGE, P. J. The appellants were convicted in the county court of Forrest county of having intoxicating liquor in their possession; sentenced to pay a fine of five hundred dollars and serve thirty days in jail, appealed to the circuit court where the judgment was affirmed, and, from the circuit court, appeal was prosecuted here.

It appears that the appellants were upon the public road near Hattiesburg engaged in changing a tire on their car, having had a puncture or trouble of that kind, and a deputy sheriff came along, and, seeing their trouble, asked if he could be of any assistance. Appellants replied that they were getting along all right. They were prizing up the rear axle of their car with a pole which broke, and the deputy sheriff drove in front of their car and took a jack out of his own car and tendered it to them, and they engaged in prizing up the real axle and changing the tire. While the deputy sheriff was in the road he smelled liquor, and, after he got out of his car and went to where the appellants were, he still smelled it. He then went into close contact with the appellants to see if the liquor was on their breath, but found it was not. Still smelling liquor, he went along the side of the appellants' car, and when at the car door the scent was stronger. He then disclosed to the appellants who he was, and stated that he believed they had liquor in their

car. They asked him if he had a search warrant, and he told them he had good reason to believe they had liquor in their car, and that he did not need a search warrant to search it. Opening the door of their car, he found the scent was much stronger, and he discovered therein one keg in the rear and other kegs covered with quilts, making four ten-gallon kegs of whisky. One of the kegs was leaking through the cork which seemed not to fit, or was deficient, so that the whisky leaked out on the bottom of the car. The deputy sheriff testified that prior to going to the car he noticed it was pretty heavy and remarked to the appellants that the car seemed to be very heavy and asked what they had in it, and they replied that they had luggage. He also testified that, when he made this remark about the weight of the car and asked what they had in it, one of the appellants became very nervous; and that these facts, coupled with the scent of the whisky, led him to believe that the car contained whisky, and that he considered it probable cause for the search. He had no search warrant or affidavit for the search. He arrested the appellants and carried them to a nearby house where he stored the whisky and got help and carried the appellants back to Hattiesburg where they were placed in jail.

This testimony was objected to when offered, on the ground that the search was illegal, and the evidence could not be introduced.

. It is conceded that there was no affidavit or search warrant, but this court held in *Moore* v. *State,* 138 Miss. 116, 103 So. 483, that, where an officer has probable cause to believe that a car contains intoxicating liquor, he can search it without a warrant, but that the information leading up to such belief must be sufficient to satisfy the judicial mind that it constituted probable cause. In *Hamilton* v. *State,* 149 Miss. 251, 115 So. 427, it was held that, if there is probable cause, or if the officer has reason to believe that intoxicating liquor is being trans-

ported, that a search of the vehicle without a warrant is lawful. In *Sellers* v. *Lofton,* 149 Miss. 849, 116 So. 104, it was held that an officer making a search must believe, and have reason to believe, when the search is begun, that the law is being violated, and no part of the evidence of probable cause coming to the knowledge of the officer as a result of the search can have any bearing upon the question, and that it was unlawful to search without a warrant on the ground merely that the occupants were driving on streets late at night and were laughing and talking loud. In *Chrestman* v. *State,* 148 Miss. 673, 114 So. 748, it was held that a search of a car by an officer is not on probable cause to authorize a search warrant merely because he discovered and believed that some of the inmates of the car had been drinking intoxicating liquor. In Cornelius on Search and Seizure, p. 288, section 91, it is stated: "Where an officer alleges that he is familiar with the odor of whisky or mash, and that he detected the odor of such mash or whisky on certain premises at a certain designated time, it has been held that this is sufficient to constitute probable cause for the issuance of a warrant, if the officer was not guilty of trespassing at the time he detected the odor of whisky or mash. Thus, in one case, certain officers went to a farm house, and being familiar with the smell of mash and moonshine whisky, detected the odor thereof, emanating from certain premises, the officers having made two or more visits, on two occasions having detected the odor from the highway, and on one occasion while having gone to the side of the house and having rapped at the door to gain admittance. The officer secured a warrant issued on an affidavit, in which he stated, 'And that then and there I could smell the odor of mash and moonshine whisky coming from said building or some of them, that mash is a concoction out of which moonshine whisky, an intoxicating beverage, so-called, is manufactured; that I

am familiar with the smell of mash, having smelled considerable quantities of it, and also of moonshine whisky, and that what I smelled as alleged aforesaid was mash and moonshine whisky.' The court held that this was sufficient to warrant the issuance of a search warrant and a search thereunder was held to be legal''—citing *People* v. *Flaczinski,* 223 Mich. 650, 194 N. W. 566. ''In another case a search warrant was issued on an affidavit stating that the affiant had seen persons frequently leaving with packages and had smelled liquor on the premises; and the court in sustaining the search warrant issued on this affidavit, said that while it was meager the court would not hold, as a matter of law, that it did not constitute probable cause''—citing *People* v. *Warner,* 221 Mich. 657, 192 N. W. 566. ''Where the officers were lawfully on certain premises, and while engaged there saw a light in the cellar of a house two or three doors away, and detected the odor of raisins cooking, the officers proceeded to the house and entering the cellar found a still in operation. The court, in passing on whether or not the odor of cooking raisins was sufficient to warrant an arrest without a warrant, and to seize the evidence, stated: 'If an officer may arrest when he actually sees the commission of a misdemeanor or a felony, why may he not do the same, if the sense of smell informs him that a crime is being committed? Sight is but one of the senses, and an officer may be so trained that the sense of smell is as unerring as the sense of sight. These officers have said that there is that in the odor of boiling raisins which through their experience told them that a crime in violation of revenue law was in progress. That they were so skilled that they could thus detect through the sense of smell is not controverted. I see no reason why the power to arrest may not exist, if the act of commission appeals to the sense of smell as well as to that of sight' ''—citing *United States* v. *Borkowski* (D. C.), 268 Fed. 408.

It appears from the evidence in this case that the officer was in the public highway when he detected the scent of whisky and was not a trespasser in any wise upon the appellants, and that when he came in contact with the appellants he discovered that this scent did not emanate from their bodies, consequently he must locate it elsewhere, if he locates it at all. When he came in contact with the car, but before touching it, or opening the door, he found the scent to be much stronger, thus indicating clearly that the liquor odor was coming from the car. He testified that he was familiar with the scent of whisky, and, taking this in connection with the demeanor of one of the appellants when he mentioned the heaviness of the car, we think was sufficient to make a man reasonably believe that the appellants had whisky in the car.

The court below passed upon the sufficiency of the evidence to constitute probable cause, and we are unable to say that the court was not warranted in so finding.

There is no other assignment of error worthy of consideration, and the judgment of the court below will be affirmed.

*Affirmed.*