STORY *v.* CITY OF GREENWOOD.*

(Division A.    April 8, 1929.    Suggestion of Error overruled May 13, (1929.)

[121 So. 481.    No. 27847.]

*Corpus Juris-Cyc References: Criminal Law, 16CJ, section 2286, p. 926, n. 62; Intoxicating Liquors, 33CJ, section 377, p. 679, n. 57; As to sufficiency of showing of probable cause for search for intoxicating liquor, see annotation in 3 A. L. R. 1517; 13 A. L. R. 1318; 27 A. L. R. 742; 39 A. L. R. 835; 24 R. C. L. 707; 4 R. C. L. Supp. 1552; 5 R. C. L. Supp. 1295; 6 R. C. L. Supp. 1434.

*Kimbrough, Tyson & Kimbrough,* for appellant.

*A. H. Bell,* for appellee.

COOK, J. The appellant, Anthony Story, was convicted in the police court of the city of Greenwood on a charge of unlawfully having in his possession ·intoxicating liquor, and, from the judgment of conviction and the sentence imposed, he prosecuted this appeal.

The evidence upon which the conviction is based was secured by a search of appellant's automobile without a warrant authorizing such search, and the assignments of error argued by counsel are based upon the alleged illegality of the search, the ground of such asserted il-

legality being that the record fails to show that the officers who made the search had probable cause to search the automobile.

The search of appellant's automobile was conducted by two policemen of the city of Greenwood, and they testified that late in the afternoon of a certain Saturday the sheriff of Leflore county told them that on the following Sunday morning, between midnight and daylight, the appellant would be delivering whisky in the negro quarters of the city, using for that purpose a Dodge automobile of a certain license number; that, believing this information to be true and acting thereon, on the following morning about five a. m., they found the appellant driving the particularly described Dodge automobile, and, upon searching the same, found therein certain intoxicating liquor. They testified that the sheriff did not disclose to them the source of his information, and, while the investigation as to whether or not probable cause for the search existed was being conducted, the defendant called the sheriff as a witness, and he testified that he had information that the appellant would be delivering whisky at the time and place named, and he communicated this information to these policemen for the purpose of having them to apprehend the appellant while he was engaged in so delivering this liquor. The sheriff was asked to disclose the source of his information, but the court sustained an objection to this question, and the appellant particularly stresses his assignment of error which is based upon this refusal of the court to require the sheriff to disclose the source of his information; the contention being that the appellant was entitled to know the ultimate or initial source of the information, regardless of how many persons through whom it may have coursed.

It has been repeatedly held by this court that the question of whether or not there was probable cause for the search of an automobile is one for the determination

of the court, and that the officer making the search may be required to disclose the source of his information in order that the court may properly determine whether or not such officer had good reason to believe such information and act thereon, or in other words whether or not there was in fact probable cause for the search. *McNutt* v. *State,* 143 Miss. 347, 108 So. 721; *Hamilton* v. *State,* 149 Miss. 251, 115 So. 427. The question to be determined, however, is whether or not the officer making the search had probable cause for so doing. In the case at bar the officers who made the search disclosed the source of their information, and, as to the fact that such information was communicated to them, they were corroborated in all respects by their informant. Upon receiving this information from the chief law-enforcing officer of the county, the officers who made the search certainly had good reason to believe and act upon such information, and they were not required to institute an inquiry to determine the ultimate source of the information. We think that upon the facts here involved the court below committed no error in adjudicating that probable cause for the search existed, and therefore that the case comes within the rule announced in the case of *Moore* v. *State,* 138 Miss. 116, 103 So. 483, that "Belief by a police officer, based on information given him by a credible person, that intoxicating liquor is being transported in an automobile is sufficient probable cause to justify a search by him of the automobile without a warrant therefor under section 2, chapter 244, Laws of 1924." The judgment of the court below will therefore be affirmed.

*Affirmed.*