PERRY *v.* STATE *ex rel.* CHAPMAN, SHERIFF.

(Division A.   May 13, 1929.)

[122 So. 398.   No. 27891.]

*Tucker & Tucker,* of Woodville, for appellant.

*D. C. Bramlette,* for the state.

214

Argued orally by *H. Clay Tucker*, for appellant.

SMITH, C. J., delivered the opinion of the court.

Moore, Chapman's predecessor, in office, seized an automobile in which the appellant was transporting intoxicating liquor, and proceeded in accordance with section 5 of chapter 189, Laws of 1918 (Hemingway's 1927 Code, section 2283), for the condemnation and sale of the automobile, and from a judgment condemning the automobile in accordance with the provisions of the statute the appellant has brought the case to this court.

The automobile was searched and the intoxicating liquor was discovered therein by the sheriff without a search warrant therefor on the claim by him of probable cause to believe that intoxicating liquor was being transported therein. The sheriff's claim is that he was informed, prior to the search, by Brian and Jones, who were credible persons, that intoxicating liquor was being transported in the automobile, on which information he made the search. The appellant was entitled to have the sheriff disclose the information on which he acted in making the search, as was held by this court on a former appeal herein. *Perry* v. *State ex rel. Wood,* 150 Miss. 293, 116 So. 430. The appellant introduced Jones, who denied having given such information to the sheriff prior to the search and seizure of the automobile and requested that the trial of the case be delayed until he could obtain the presence of Brian. The court declined to delay the trial and excluded the evidence of Jones, "for the reason the

court thinks it incompetent and irrelevant; that the sheriff having testified as to who he got the information from is all that the statute requires.'' This evidence should not have been excluded, but should have been taken into consideration by the court in determining whether or not the sheriff in fact had information sufficient to constitute probable cause that intoxicating liquor was being transported in the automobile. This evidence was not offered before the court ruled on the competency of the evidence, but was offered by the appellant when the time came for him to introduce his evidence on the merits. It should have been offered before the court ruled on the competency of the sheriff's evidence as to what the search of the automobile disclosed (*Loftin* v. *State,* 150 Miss. 228, 116 So. 435).; but no objection was made in the court below on that ground. Whether the court should have passed the case in order to enable the appellant to obtain the evidence of Brian rested in the sound judicial discretion of the court, and the evidence does not disclose an abuse of that discretion.

*Reversed and remanded.*