WHITE v. STATE.

(Division A. March 2, 1931.)

[132 So. 599. No. 29202.]

**A. L. Mars,** of Philadelphia, for appellant.

**Eugene B. Ethridge,** Assistant Attorney-General, for the state.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a conviction for having intoxicating liquor in possession. The appellant's complaint is that the evidence of his possession of the liquor was obtained by an unlawful search of an automobile, and that his objection thereto should have been sustained. The evidence discloses that the marshal of the town of Philadelphia met the appellant driving an automobile, the curtains of which were up, and that the actions of the appellant caused him to suspect that he had whisky therein. The appellant parked and left the automobile in front of his residence a short distance from where he passed the marshal, who immediately called his deputy, told him to watch the automobile, and then notified the sheriff. The automobile was kept under observation of either the marshal's or the sheriff's deputy for several hours, during which time no one was seen to approach or leave the automobile. The sheriff and the marshal then went to the automobile for the purpose of searching it. On arriving at it and before making any search of it or disturbing it in any way they detected the odor of alcohol, which they located as coming from the automobile. They then searched the automobile and found three five-gallon kegs therein containing whisky, one of which was leaking.

The appellant's contention is that the search began when the automobile was taken under the observation of

the officers with the intention of thereafter searching it. All of what occurred prior to the actual search of the automobile was mere preparation therefor, and the search did not in fact begin until the curtains of the automobile were removed or pulled back so that the officers might see therein, and before they did this they had unmistakable evidence, through one of their senses, that the automobile contained intoxicating liquor, and therefore had probable cause for making the search. Eady v. State, 153 Miss. 691, 121 So. 293. No trespass had been committed when this evidence was obtained, for neither the eye nor the nose can commit such, provided the owner thereof is in a place where he has the right to be.

The case is ruled by Goodman v. State (Miss.), 130 So. 285, with which compare Ford v. City of Jackson, 153 Miss. 616, 121 So. 278. The court below committed no error in admitting the evidence.

Affirmed.