# King *v.* State.

(Division B.   May 6, 1935.)

[161 So. 296.   No. 31691.]

**Earl L. Wingo,** of Hattiesburg, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant was indicted, tried, and convicted at the January, 1935, term of the circuit court of Forrest county, Mississippi, upon a charge of unlawfully having in his possession intoxicating liquor, and was sentenced to pay a fine of three hundred dollars and to serve a period of ninety days in the county jail, from which conviction he appeals here.

A short time prior to Christmas, 1934, one Russie Holmes was run over by an automobile occupied by two negroes and being driven in the city of Hattiesburg, Mississippi, and from injuries so received said Holmes died shortly thereafter. Two deputy sheriffs began an investigation of the matter, and in the process thereof had information that the appellant was in the automobile, either as the driver or an occupant, which ran over Holmes, and at the request of the district attorney these deputies proceeded to the home of the appellant for the purpose of arresting or detaining him for further investigation. When the deputies reached the home of the appellant, one went to the front door and one to the rear door, and the officer at the front door knocked; the appellant proceeded to the rear door with a bottle of liquor in his hand, and opened the door. On seeing the officer,

the appellant returned to the kitchen sink, broke the
bottle, and emptied its contents into the sink.  The deputy
at the rear door entered and found that the broken bottle
had contained intoxicating liquor.  The deputies thereup-
on took the appellant to the district attorney's office where
some further investigation was made, and the appellant
was placed in the county jail charged with the killing of
Holmes.  The grand jury found an indictment upon the
testimony of the two deputies for the offense of unlaw-
fully possessing intoxicating liquor, which resulted in
the conviction as above stated.

It is contended here that the evidence was unlawfully
obtained, because there was no warrant for the arrest
or search, and it is contended here also as it was below,
that the evidence was insufficient to constitute probable
cause.

The question for decision is: Were the officers, in going
to the house and making the arrest, acting upon probable
cause for the commission of a felony?

The record shows that the other occupant of the auto-
mobile was tried and convicted of manslaughter for the
killing of Holmes.  The officers stated that they had been
informed, by a credible person, that the appellant was in
the automobile and connected with the killing of Holmes.

The state did not develop from whom the information
was received, but merely stated that it was from a
credible person, nor did the appellant, from the cross-
examination of the deputies, develop who gave the in-
formation, but, apparently, rested upon the statement of
the officers.

It is argued here that the state should have developed
proof showing from what source it derived this informa-
tion, citing the cases of Perry v. State, 150 Miss. 293, 116
So. 430, and McNutt v. State, 143 Miss. 347, 108 So. 721.

It is true that in those cases we said that the officer
was not the final judge, but it was a judicial question,

and in the Perry case we held that a defendant had the right, on cross-examination, to develop the source of the officer's information and determine therefrom, or with other evidence, whether or not there was probable cause. No effort was made here to show that there was not, in fact, probable cause, or that the officers' information did not constitute probable cause.

The killing of a human being by another with a deadly weapon or instrumentality is presumptively criminal, and is either manslaughter or murder according to the circumstances developed, and if no mitigating circumstances appear, it will be presumed to be murder. It appears from the record that the other occupant of the automobile in the case at bar was guilty of manslaughter. This is sufficient showing to make a probable cause for the arrest of the appellant. When the officers entered the building through the open door and found that intoxicating liquor had been emptied into the sink, and parts of the broken bottle, such was sufficient to authorize the arrest of the appellant for violating the liquor law.

We find no reversible error, and the judgment of the court below will, therefore, be affirmed.

Affirmed.