## PARKS *v.* STATE.

(Division A.   Jan. 31, 1938.)

[178 So. 473.   No. 33011.]

R. L. Smallwood, Jr., of Oxford, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**McGowen, J.,** delivered the opinion of the court.

The appellant, Roger Parks, was convicted of the unlawful possession of intoxicating liquor, and from the judgment rendered in the court below an appeal was prosecuted to this court.

On the evidence submitted there is no question but that he had in possession in the car a considerable quantity of whisky when he was pursued. The conviction rests upon the evidence obtained by officers who made the search and arrest without a search warrant. And the only question here presented is as to the legality of the search made by the sheriff and his fellow officers. The facts in regard to that point are as follows: The sheriff of Tippah county called the sheriff of Union county, Lee Rogers, the main witness for the state, by telephone, and told him that a new Plymouth coach automobile was proceeding south on highway No. 15, from Ripley toward New Albany—these being the county seats of Tippah and Union counties respectively—the car being loaded with whisky; and that if he would station himself on highway No. 15 at once he could intercept the automobile. Ripley and New Albany are about eighteen miles apart. The sheriff of Union county was further informed by the sheriff of Tippah county that the new Plymouth loaded with whisky was driven by a white man accompanied by a yellow negro.

The sheriff of Union county promptly acted on the information, and in company with other officers, drove his car about three miles north toward Ripley on highway No. 15, and there he saw a new Plymouth coach automobile proceeding south, occupied by a white man and a yellow negro. This car passed the officers, who

then gave chase, following the whisky car into New Albany, then turning out on highway No. 78 toward Myrtle. The driver of the whisky car, Roger Parks, the appellant, ignored a red light; and the occupants of the car began to throw the whisky from the automobile. The car was finally overtaken by the officers, who found ample evidence of the presence of whisky in the car—the seat was soaked, and broken bottles which had contained whisky were found therein. Some of the whisky thrown from the car was subsequently recovered by the officers.

The court below permitted the appellant to attempt to show that the sheriff of Tippah county did not have information of a credible nature. In other words, he did not know the name of his informer in regard to this whisky. However, it is not disputed that the sheriff of Tippah county, in giving the information over the telephone to Rogers, the sheriff of Union county, stated it as a fact. There is no merit in this contention. See Story v. City of Greenwood, 153 Miss. 755, 121 So. 481, and Elardo v. State, 164 Miss. 628, 145 So. 615. The communication from the sheriff of Tippah county was a statement of fact, which furnished probable cause, as such, to the sheriff of Union county; and the sheriff of Tippah county is a credible person.

We think there is no merit in the contention that the sheriff of Union county did not act upon probable cause, when he met a new Plymouth coach automobile, driven by a white man accompanied by a yellow negro, traveling southward, within a short time after he had the information that such car would be seen on the highway near New Albany. The car answered the description given by the sheriff of Tippah county, and the fact that it was being driven south toward New Albany by a white man accompanied by a yellow negro, afforded probable cause for search and arrest of the appellant under the circumstances. There was a sequence of description as to persons, car, place, and time which jus-

tified the action of the sheriff. In these essential particulars this case is differentiated from the case of Lenoir v. State, 159 Miss. 697, 132 So. 325, wherein the only information was to the effect that some negroes were hauling whisky to West Point, Miss., and that a car would be down that night—not specifying any particular person or car, or any particular time. The description was so general as to amount to nothing. Likewise, we do not think that the case of State v. Messer, 142 Miss. 882, 108 So. 145, can support appellant's contention here. In that case the arresting officer was informed that Messer was near Epley, in Lamar county, and that he had whisky in his car; this was held to be too general.

We are of the opinion that the information given here was as specific as that considered in Donovan Moore v. State, 138 Miss. 116, 103 So. 483. The only difference being, as argued by appellant, that in that case the informer told the arresting officer the number of the car's license tag. This is more than offset by the fact that the informer here gave the arresting officer information so detailed that it was the equivalent of a number tag when he described the car and its occupants and the circumstances, so far as the arresting officer was concerned.

The argument that there might have been hundreds of yellow negroes and white men driving a new Plymouth coach automobile at a particular time and in a particular direction does not accord with common sense. We think the sheriff, as a reasonable man, was justified in pursuing the car and arresting occupants of the car, one being the appellant in this cause. There were too many coincidences for us to hold that the sheriff did not act upon probable cause.

We find no reversible error herein.

Affirmed.