STATE, USE OF KEMPER COUNTY *v.* BROWN, et al.

Dec. 14, 1953

No. 38938 46 Adv. S. 85 68 So. 2d 419

*John E. Stone,* Asst. Atty. Gen., Jackson, for appellant.

*Strong & Smith,* Louisville, for appellees.

Roberds, P. J.

This is a proceeding by the State, for the use of Kemper County, to seize, sell and confiscate a certain automobile, the property of appellee, Oliver Brown, on the ground the automobile was being used by Brown in the transportation of whiskey. Brown had purchased the car from Burdette Ford Co., Inc., paying part cash and executing to Burdette purchase money notes for the balance, which notes Burdette had endorsed and assigned to Commercial Credit Corporation. The balance owing on the automobile when it was seized was $655.20. Burdette and Commercial Credit Corporation intervened and asserted claims to the car. The trial court gave a peremptory instruction for Brown and the claimants, reciting that Brown had released to claimants his interest in the automobile. The State appeals.

The peremptory given by the learned trial judge was upon the theory that the car was searched and seized without a warrant and that the person who gave the seizing officer information the car was transporting whiskey was not a credible person, and, therefore, such officer did not have probable cause for seizing and searching the automobile without a warrant, and testimony of such officer that he found whiskey in the car was not admissible. The proceeding was had under Sections 2615, 2618 and 2619. █ Under those sections search and seizure of a motor vehicle may be made without a warrant if the information upon which the seizing officer acts is given him by a credible person.

Moore v. State, 138 Miss. 116, 103 So. 483; McGowan v. State, 184 Miss. 96, 185 So. 826. ██ And the officer is not the sole judge as to whether such informant is a credible person. It is the province of the court to pass upon that question. McNutt v. State, 143 Miss. 347, 108 So. 721. ██ On that question the sheriff of Kemper County, who searched and seized the automobile, was the only witness who testified upon the hearing. We now set out his testimony as it bears directly on the point: "Q. You say you got this information from some person? A. Yes, sir. Q. Now that person, sir, has been guilty of committing crimes in this county? Does he have that reputation? A. Well, I don't know positively whether he has been convicted in the past or not, but not since I have been sheriff. Q. But he is not what you call a credible, reliable person? A. Well in this case he was. Q. I am talking about generally, not just this particular case? A. Judge, I don't have to answer that? THE COURT: Yes, you have to answer, if you know. A. I will have to answer? THE COURT: If you know. A. Well, Judge, to answer whether or not he is a credible citizen, I don't think he is." Later the sheriff gave this evidence: "Q. And you say that fellow has had a whiskey record? A. In the past, yes, sir. Q. You testify you wouldn't call him a credible person? A. No, sir. Q. You would not? A. No, sir." Since the sheriff himself said he was not a credible person and the sheriff was the only witness who testified in the case, that would seem to justify the trial judge in so concluding.

Affirmed.

*Hall, Lee, Holmes* and *Ethridge, JJ.,* concur.