Charles Henry BREWSTER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 28, 1955.

Rehearing Denied May 13, 1955.

W. Clarke Otte, Frank E. Haddad, Jr., Louisville, for appellant.

J. D. Buckman, Jr., Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

SIMS, Judge.

Appellant, Charles Henry Brewster, was convicted as an habitual criminal and his punishment was fixed at life imprisonment under KRS 431.190. He assigns three grounds for reversal: 1. It was prejudicial error for the court not to require the police officer to divulge the name of the person who informed on appellant; 2. appellant's arrest was illegal, therefore his car could not be searched without a warrant; 3. the court erred in not submitting to the jury under an appropriate instruction whether appellant consented to the search of his car.

A liquor store in Louisville was burglarized and Bert W. Hawkins, a Lieutenant on the Louisville Police Force, received confidential information that appellant and Richard Woods had committed the crime. Hawkins had policemen Tinsley and Shelbourne arrest Woods. Upon being questioned by Hawkins, Woods confessed his part of the crime and while he did not actually say appellant Brewster committed the burglary with him, yet Woods intimated as much.

Hawkins after receiving this information from Woods, ordered the same two officers to arrest Brewster, which they did and brought him and his car to the police station. The car was parked right by the

64

house in which Brewster lived and was driven to the police station by the officers when they arrested him, hence Com. v. Lewis, 309 Ky. 276, 217 S.W.2d 625, relied on by appellant has no application here. Hawkins asked Brewster for the key to the trunk of the car and Brewster said he had misplaced it. Then Hawkins said to Brewster, "We will have to look in the car". Brewster replied, "O.K. Look in the car". Thereupon, Hawkins forced open the trunk of Brewster's car and found burglar tools which were identified by the Federal Bureau of Investigation as the ones used in the commission of the crime.

On the witness stand on cross-examination Lt. Hawkins refused to tell the jury the name of his confidential informer, and the court refused to make him divulge this fact. In giving his testimony in chambers before the judge, and not in the hearing of the jury, Hawkins said he was willing to divulge to the judge the informer's name but would decline to give it to the jury. Appellant argues that it was prejudicial error for the judge not to require Hawkins to divulge the name of his informer, citing from the United States District Court of Kentucky the case of U. S. v. Keown, 19 F.Supp. 639, and several Mississippi cases, such as Perry v. State ex rel. Wood, 150 Miss. 293, 116 So. 430; McNutt v. State, 143 Miss. 347, 108 So. 721; and the Tennessee case of Smith v. State, 169 Tenn. 633, 90 S.W.2d 523, as well as Starkey on Evidence (2nd Ed.) Vol. 1, p. 160.

These authorities are all to the effect that when an officer on information given him makes an arrest and searches the accused, the officer must on the trial, if accused demands it, give the name of his informer so that the court may determine whether or not the officer had probable cause for making the arrest to which the search was incident. Judge Elwood Hamilton said in the Keown opinion [19 F.Supp. 646], "The officer may use the facts furnished by the informer as a basis for his own investigation and discover sufficient facts to search or arrest without disclosing the source of his information." See 60 Yale L.J. 1091 [1951].

This is just what Lt. Hawkins did in this case. Acting on what the informer told him, Hawkins had Woods arrested and in questioning Woods received such information to cause appellant Brewster's arrest. Therefore, it was not necessary for Hawkins to divulge on the witness stand the name of his informer.

Criminal Code of Practice, § 36(2) provides a peace officer may make an arrest without a warrant, "when a public offense is committed in his presence, or when he has reasonable grounds for believing that the person arrested has committed a felony." We have held that, "reasonable grounds" for believing a person had committed a felony, which authorized a peace officer to make an arrest without a warrant under § 36(2), are practically the same as "probable cause" used in § 10 of our Constitution which forbids the issuing of a search warrant unless supported by an affidavit showing probable cause. Mattingly v. Com., 197 Ky. 583, 247 S.W. 938; Smallwood v. Com., 305 Ky. 520, 204 S.W.2d 945. But such "reasonable grounds" or "probable cause" does not mean prima facie evidence of guilt. U. S. v. Keown, D.C., 19 F.Supp. 639. We wrote in Com. v. Riley, 192 Ky. 153, 232 S.W. 630, 632, the reasonable and probable grounds that justify an arrest without a warrant are such as would actuate a reasonable man acting in good faith.

Evidently, to determine whether Lt. Hawkins had reasonable grounds to cause appellant Brewster's arrest, the trial judge heard this officer's testimony in chambers outside the presence of the jury. Hawkins testified that picked up with Woods was a man named "Tennessee" who Woods said was not connected with the crime and stated, "I will tell the whole story if you will turn 'Tennessee' loose". Hawkins then asked Woods, "Was Brewster with you or was he not with you"? Woods replied, "I don't want to get myself killed. I can't talk on that".

. . .

We quote from Lt. Hawkins' testimony relative to his questioning Woods:

"The questioning went on, and he would not come out and openly name Brewster, 'You were with Brewster, where does Brewster stay'? He said, 'Up in the 700 block East Market. He stays with a girl'. I said, 'Is he there now'? He said, 'Yes'. I said, 'Where are the tools that were used in the break-in into the place'? He says, 'The other fellow has them'. I said, 'If we go to 721 East Market and find Brewster, are we likely to find the tools'? He says, 'If he still has them you will find them', and yet he never went on to name Brewster. But the conversation went on that way for an hour or an hour and a half, and there was an admission that Brewster was the man, yet he was reluctant to name Brewster as the man. Yet, we had information prior to the time we picked up Woods that Brewster was the man with Woods".

■■ It is patent that the information Lt. Hawkins received from Woods furnished him with reasonable grounds for believing that Brewster had committed a felony, therefore Hawkins was justified in directing officers Tinsley and Shelbourne to leave the room where Woods was being questioned and to arrest Brewster. Since Brewster's arrest was legal, Lt. Hawkins had the right to search Brewster's car. Com. v. Philips, 224 Ky. 117, 5 S.W.2d 887, and authorities therein cited.

■ It cannot with reason be argued that Woods' arrest was illegal and therefore the information Lt. Hawkins gathered from questioning him could not be used as a basis for arresting Brewster without a warrant. Only Woods could complain that his arrest was illegal and from this record it does not appear that Woods made any complaint that the police officer did not give him the name of the informer.

Since we have reached this conclusion, it is not necessary to discuss the question of whether the court should have submitted under an appropriate instruction whether Brewster consented to the search of his car. However, in passing we might say the evidence of Lt. Hawkins and officer Tinsley shows that Brewster did consent for Hawkins to open the trunk of his car.

For the reasons given, the judgment is affirmed.

STEWART, C. J., and CAMMACK, J., dissenting.