HAMILTON *et al. v.* STATE.*

(Division B.    Feb. 6, 1928.)

[115 So. 427.    No. 26936.]

1.  INTOXICATING LIQUORS. *Search of vehicle without warrant is lawful in case of probable cause or belief that liquor is being transported (Hemingway's Code 1927, section 2239).*

    Under Acts 1924, chapter 244, section 2 (Hemingway's Code 1927, section 2239), if there is probable cause, or if officer has reason to believe that intoxicating liquor is being transported, search of vehicle without warrant is lawful.

2.  CRIMINAL LAW. *Probable cause or reason to believe liquor is being transported, authorizing search without warrant, constitutes judicial question (Hemingway's Code 1927, section 2239).*

    Probable cause or reason which officer has to believe that intoxicating liquor is being transported sufficient to authorize search without warrant under Acts 1924, chapter 244, section 2 (Hemingway's Code 1927, section 2239), constitutes question for judicial determination of trial court.

3.  INTOXICATING LIQUORS. *"Probable cause" authorizing search of vehicle for liquor without warrant must constitute more than mere belief on part of officer (Hemingway's Code 1927, section 2239).*

    "Probable cause" sufficient to authorize search of vehicle believed to be transporting liquor without a warrant, under Acts 1924, chapter 244, section 2 (Hemingway's Code 1927, section 2239), must rise higher than mere belief on part of officer making search.

4. CRIMINAL LAW. *Refusal to require officer seizing liquor from vehicle without warrant to name informant held error.*

In prosecution for unlawful possession of intoxicating liquor, wherein search of vehicle in which liquor was found was made without a warrant, refusal to defendant of right to have officer name informant on which he based his belief that liquor was being transported *held* error.

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 571, n. 95 New; 17JC, p. 242, n. 47; Intoxicating Liquors, 33CJ, p. 680, n. 59; As to sufficiency of showing of probable cause for search warrant for intoxicating liquor, see annotation in 3 A. L. R. 1514; 13 A. L. R. 1316; 27 A. L. R. 709; 39 A. L. R. 811; 41 A. L. R. 1539.

APPEAL from circuit court of Lamar county.
HON. J. Q. LANGSTON, Judge.

Ed Hamilton and another were convicted of the unlawful possession of intoxicating liquor, and they appeal. Reversed and remanded.

*Broadus & Broadus* and *Haralson & Hall,* for appellants.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

PACK, J., delivered the opinion of the court.

Appellants, Ed Hamilton and Alex Quick, were convicted of the unlawful possession of intoxicating liquor in a justice of the peace court of Lamar county, and appealed from that conviction to the circuit court.

It appears that one Tatum, the town marshal of Lumberton, accompanied by the constable of the district, arrested appellants in the town of Lumberton and searched their car in which a quantity of intoxicating liquor was found. No affidavit had been made, and no search warrant procured prior to the arrest and search.

On the trial in the circuit court, on a preliminary inquiry as to the facts connected with the search and ar-

rest, the officer testified that, prior to the arrest and search, a party told him that a young white fellow was transporting liquor from Neicase to Hattiesburg, using for said purpose a 1926 model Ford roadster. The name of the party so transporting liquor was not known, and neither was the alleged car identified any other way ·except that it was a 1926 Ford model roadster. On the trial, the appellant asked the town marshal, a witness for the state, to give the name of his informant; the exact testimony on this point being as follows:

"Q. Mr. Tatum, who was it gave you this information? A. Well, unless the judge requires me to answer that, I would not like to answer it. It is a credible man— a white man."

The state objected to this question, and the objection was sustained.

In the absence of a search warrant, the state proceeded upon the authority of section 2, chapter 244, Acts of 1924 (section 2239, Hemingway's 1927 Code), which authorizes search of automobiles and other vehicles therein named without a search warrant. The constitutionality of this statute was upheld by this court in *Moore* v. *State,* 138 Miss. 116, 103 So. 483. If there be probable cause, or if the officer has reason to believe that intoxicating liquor is being transported, the search without warrant is lawful. The probable cause or reason upon which the officer acts is a question for judicial determination of the trial court. This probable cause must rise higher than mere belief on the part of the officer. *McNutt* v. *State,* 143 Miss. 347, 108 So. 721; *Chrestman* v. *State* (Miss.), 114 So. 748.

In the late case of *Mapp* v. *State,* 114 So. 825, this court, in passing on this point, held as follows:

"We think the defendant had a right to propound the question to the witness, and have it answered, as to where he obtained the information. This inquiry might have been followed up by others eliciting exactly what was said and the character of the person giving the infor-

mation; and other pertinent questions showing the nature of the information communicated might also have led to the examination of the informant, who might have contradicted the officer with reference to the information given."

The learned assistant attorney-general, in his brief for the state, with commendable fairness, states as follows:

"Following the case of *Attley Mapp v. State,* 26602, 114 So. 825 (not yet [officially] reported), I have no alternative other than to request this court to reverse and remand this cause for a new trial."

The court below committed reversible error in denying to appellant the right to have the officer name his informant. The state, on a new trial, should strengthen its proof on probable cause. The case will therefore be reversed and remanded.

*Reversed and remanded.*