**UNITED STATES v. BLICH.**

No. 3079.

District Court, D. Wyoming.

Nov. 21, 1930.

Albert D. Walton, U. S. Atty., and T. Paul Wilcox, Asst. U. S. Atty., both of Cheyenne, Wyo.

Matson & Swainson, of Cheyenne, Wyo., and C. W. Axtell, of Thermopolis, Wyo., for defendant.

KENNEDY, District Judge.

The above-entitled cause, an indictment for violation of the National Prohibition Act (27 USCA), is before the court upon a motion to suppress evidence filed and entertained prior to the case being set for trial, said motion being based upon an alleged unreasonable search and seizure in connection with the transportation of intoxicating liquor.

The facts have been presented upon the affidavit of the defendant and one other in his behalf for the movant and by the affidavit of one federal prohibition agent and the oral testimony of another on behalf of the United States. A summary of the evidence, at least as to the controlling features, is that the two federal prohibition agents received what one agent says in his affidavit was reliable information, and what the agent who testified orally designates as the advice of a reliable informant, that the defendant at a certain time would be making delivery of intoxicating liquor at a certain designated place on the evening in question; that this information was received between 4 and 5 o'clock in the afternoon of the day when such transportation was to take place; that such information was received in Thermopolis, Wyo., which was approximately 35 miles from the designated spot; and that the designated time of transportation was to approximately between 7 and 8 o'clock. The officers thereupon proceeded to this place, discovered the defendant with his wife and children driving a Ford car, passed him by, and afterwards stopped on the roadside awaiting the approach of defendant's car. When it did so approach it was stopped by the officers and an inquiry made as to whether whisky was being transported. Upon a denial of such transportation by the defendant, the officers testify that they discovered upon looking into the automobile a stone jug projecting from a rent in the gunny sack which surrounded it and upon which one of the children sat, and detected an odor of whisky, whereupon the defendant was placed under arrest and the jug of whisky and car confiscated by the officers. The agent who testified orally stated that he had formerly been a police officer in the city of Casper, and that the defendant had been convicted in the police court of that city of violation of the liquor ordinances, although the witness did not testify as to what form of violation was involved in such conviction.

The element around which the principal point in this case revolves relates to the re-

fusal of the prohibition agent while on the stand to reveal the name of his informant who had advised him of the proposed transportation by defendant, upon the ground that it was contrary to the rules of the Department to reveal the name of an informant. Thereupon counsel for the defendant moved to strike out the testimony of the agent concerning the alleged information so furnished, upon the ground that it was insufficient in law to sustain the contention that the search and seizure was made upon probable cause. The witness retired from the stand under the authority of the court and consulted with the district attorney and the Deputy Federal Prohibition Administrator, and the district attorney thereupon announced that, in view of the rule of the Department respecting the disclosure of the name of an informant, they would elect not to have the witness testify as to the identity of such informant. At this point, upon renewal of the motion to strike that portion of the testimony, the court announced that it would not be stricken, but would be considered in the analysis of the entire evidence in the case, as to whether or not such evidence was sufficient to establish a probable cause for the search and seizure.

█ It is plain, under the pronouncement of the Supreme Court in the case of Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, that the search and seizure of an automobile without a warrant is justified under some circumstances, but that the doctrine is limited in its scope. In view of the strong dissenting opinion in that case, it would appear that the question was a controversial one among the justices of the high court. Mr. Justice Taft, after discussing various decisions of the Supreme Court construing the Search and Seizure Amendment, at page 149 of 267 U. S., 45 S. Ct. 280, 283, of the Carroll Case, uses the following language:

"In none of the cases cited is there any ruling as to the validity under the Fourth Amendment of a seizure without a warrant of contraband goods in the course of transportation and subject to forfeiture or destruction.

"On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid. The

Fourth Amendment is to be construed in the light of what was deemed an unreasonable search and seizure when it was adopted, and in a manner which will conserve public interests as well as the interests and rights of individual citizens."

The learned justice, however, indicates strongly that the doctrine of allowing search and seizure of automobiles along the public highways without a warrant ought to be considerably restricted for the protection of the great traveling public, as is suggested by his language on page 153, 154 of 267 U. S., 45 S. Ct. 280, 285, as follows:

"Having thus established that contraband goods concealed and illegally transported in an automobile or other vehicle may be searched for without a warrant, we come now to consider under what circumstances such search may be made. It would be intolerable and unreasonable if a prohibition agent were authorized to stop every automobile on the chance of finding liquor, and thus subject all persons lawfully using the highways to the inconvenience and indignity of such a search. Travelers may be so stopped in crossing an international boundary because of national self-protection reasonably requiring one entering the country to identify himself as entitled to come in, and his belongings as effects which may be lawfully brought in. But those lawfully within the country, entitled to use the public highways, have a right to free passage without interruption or search unless there is known to a competent official, authorized to search, probable cause for believing that their vehicles are carrying contraband or illegal merchandise."

A fair analysis of the Carroll Case simply amounts to this, that upon probable cause an automobile may be searched and seized upon a public highway for liquor transportation by proper authorities without a search warrant, but that every case must rest upon its own bottom and be controlled by its own facts and circumstances as to the sufficiency of the probable cause.

█ As I view the testimony in this case, the showing of probable cause must rest upon two circumstances: First, that the defendant had previously been convicted in the municipal court in Casper for the violation of liquor ordinances; and, second, that the agents had been informed by a reliable person, whom they believed, that the transportation was to take place at a certain time and place. All other circumstances surrounding the transaction were more or less incidental, and those following the stopping of the defendant's car

upon the highway could have but little bearing upon the question.

As to the first point concerning the testimony of the agent that the defendant had been convicted in a police court of a violation of a city ordinance, it could have but little weight, as it was not contended that the violation in any way concerned transportation. In passing, it may be noted that the information coming to the officers in the Carroll Case, in which the search and seizure of a car was involved, did carry with it the element of a prior knowledge of transportation.

We then come to discuss that feature of the case which involves the refusal of the officer to give the name of his informant. Counsel have cited no cases upon the exact point, although there is language in the case of United States v. Allen (D. C.) 16 F.(2d) 320, and Emite v. United States (C. C. A.) 15 F.(2d) 623, which would indicate that such an element might enter into the consideration of the court in the determination of whether or not a probable cause existed. There may be two sides to this question. The court has no quarrel with the Prohibition Department in its policy of guarding and keeping secret the name of an informant, with the idea of being thereby better enabled to enforce the Prohibition Law. The only question here is as to whether or not, when the matter is presented to a court for the purpose of seeking a determination of whether, under all the circumstances, there was probable cause, this element of those circumstances may remain undisclosed. It is scarcely an answer to the proposition that an agent testifies that his informant was a reliable person, and that he believed the information so given, unless the court sitting in judgment may have the right to determine whether, under all the circumstances, such information was reliable and the agent was justified in having such belief. A belief must or should rest upon a substantial basis. It is not a question of impugning the motives or doubting the honest belief of the agent in regard to the information which he may have received. It is simply requiring the witness to sustain his motives and his beliefs by all the evidence at his command. It is conceivable that a prohibition agent in the earnestness and eagerness of performing his duty might adopt very shadowy leads. But what is of greater consequence is that an ill-intentioned person might give an officer information which would in many instances lead to humiliation and vexation of the innocent automobile driver upon the public highway, and yet, with the failure to disclose the name of his informant, the prohibition agent would be safely ensconced behind his blanket testimony that he was informed by a reliable person.

The Carroll Case strongly intimates that the procedure of searching automobiles for liquor violations upon public highways is only permissible when a search warrant cannot be obtained on account of the moving nature of the vehicle. I believe that the probable cause in such a case ought to be such as might be established in a competent tribunal as the basis for a search warrant, otherwise the mental action of the officer amounts to no more than a suspicion, which is admittedly under the Carroll Case and many other cases not sufficient for a search and seizure without warrant. If the officers who in this case made the search and seizure had proceeded upon their information to secure a search warrant (for which counsel for defendant in this contend they had ample time), it would have clearly been obligatory upon them to produce the evidence of the party who purported to know of the transportation about to be carried out, otherwise the attempt to secure the warrant would have been upon mere information and belief, which the courts hold to be insufficient. I will not go so far as to say that the testimony of the informer upon a hearing of this kind must be presented to establish the probable cause, but I am of the opinion that the only safe rule to adopt will be to require officers who presume to make search and seizures of automobiles on the public highway, without warrant, to disclose every element which goes to make up their case of probable cause, and that this rule reasonably includes the source of their information, so that the court may determine whether or not under all the circumstances a case of probable cause has been established, and perhaps as well to restrict informers to a sincerity of purpose.

Of course, it is well established that the so-called successful result of an unlawful search and seizure has no bearing upon its legality and cannot be considered.

The rule laid down in the Carroll Case, as found in the language of the prevailing opinion, is manifestly one which should not be unduly extended, and, comparing the facts in that case with the facts in the case at bar, I am of the opinion that the probable cause here has not been sufficiently established to sustain the search and seizure.

630

The motion to suppress will therefore be sustained, and an order will be entered suppressing the evidence in said case and reserving to the plaintiff proper exceptions.