818

## UNITED STATES v. ONE 1941 OLDSMO-BILE SEDAN, MOTOR NO. OK 171667 et al.

### No. 3373.

Circuit Court of Appeals, Tenth Circuit.

Jan. 10, 1947.

Robert E. Shelton, Asst. U. S. Atty., of Oklahoma City, Okl. (Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., on the brief), for appellant.

Jim Barnett, of Oklahoma City, Okl., for appellees.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

The government instituted a libel action against one 1941 Oldsmobile Sedan, Motor No. OK 171667, in the United States District Court for the Western District of Oklahoma under Sections 223 and 224, Title 27 U.S.C.A. for forfeiture thereof, on the ground that it was being used to transport tax paid liquor into a dry state in violation of Ch. 9 of Title 27 U.S.C.A. Ernest C. Shirey, the owner of the automobile, intervened and by motion asked the

return of the automobile to him. At the conclusion of the trial, the prayer of the motion was granted, the car was ordered returned to him, and the government has appealed. The ground for the court's decision was that the search and seizure of the automobile by the government's agents without a search warrant was illegal and that the evidence obtained as a result of the search and offered by the government was therefore inadmissible. The Pacific Finance Corporation of California also intervened and sought a remission of forfeiture as to the amount of a mortgage which it held on the automobile. Its right to have a remission of forfeiture was not disposed of in the trial below and is not involved in this appeal, and was to be adjudicated in further proceedings in the event of a reversal of the judgment appealed from.

■ Whether the search and seizure of the automobile without a search warrant was legal depends upon whether the Alcohol Tax Unit investigators in question had probable cause to believe that the car in question was being used in violation of law in transporting intoxicating liquor into Oklahoma, a dry state. What constitutes probable cause authorizing an officer to make a search without a warrant cannot be defined with exactness or precision. Generally, it may be said that probable cause exists where the facts or reasonable inferences to be drawn therefrom are such as should lead a reasonably prudent and intelligent person to conclude that there is good ground to believe that the law is being violated.[1]

■ The facts from which probable cause must be found, if it existed, are these: On October 4, 1945, E. C. Shirey[2] was driving the car in question toward Oklahoma City on Highway 66. He was coming from Los Angeles, California, to Oklahoma. He had with him in the car a woman and two babies and a boy. They were Travel Bureau passengers and were being hauled by him at the request of the

Travel Bureau agent in California. He also had a quantity of tax paid liquor in the car which he had obtained in California and was bringing into Oklahoma. Part of this liquor was in the rear baggage compartment, some was carried in a compartment under the front fender of the car, and some was carried under the hood next to the engine. Near Elk City, Oklahoma, he was stopped by L. J. Nay and Leo K. Nash, two inspectors of the Alcohol Tax Unit, who searched his car without a search warrant and found the liquor in the car.

The circumstances upon which the government relies to establish probable cause justifying the search without a warrant are these: The two agents testified that in the summer of 1945, prior to this search and seizure, they had received information that tax paid liquor was being hauled into Oklahoma from Los Angeles in cars, under the guise of being Travel Bureau cars; that such information related to one Sam Greer and a man known as "Blackie", who lived in Bethany, Oklahoma; that in September they located a two-toned green, 1941 Oldsmobile (the car now in issue) in Bethany, Oklahoma, which answered the description of the car reported to be driven by Blackie; that a check of the tag number of this car revealed that it had been owned by Sam Greer, who had the reputation of being a liquor runner and who on a previous occasion had escaped when he was stopped by Alcohol Tax Unit agents; that Sam Greer had lately transferred title to this car to E. C. Shirey of Bethany, Oklahoma. They testified that in September they had interviewed the then Chief of Police of Bethany (deceased at the time of the trial), and the Chief of Police informed them that he knew Blackie and that he had been hauling Travel Bureau passengers from the west coast to Oklahoma City and had the reputation of hauling liquor from out there into Oklahoma. They testified that on October 3, 1945, they received information that

---

1 Pearson v. United States, 10 Cir., 150 F.2d 219; Stacey v. Emery, 97 U.S. 642, 24 L.Ed. 1035; Commonwealth v. Carey, 12 Cush., Mass., 246; Director General of Railroads v. Kastenbaum, 263 U.S. 25, 44 S.Ct. 52, 68 L.Ed. 146; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790.

2 Shirey was known in his community as "Blackie."

"Blackie" Shirey was coming from Los Angeles with a load of tax paid whiskey and would come into Oklahoma over Highway No. 66; that they immediately proceeded from Oklahoma City to a point eight miles west of Elk City on Highway No. 66 and met the car in question, which bore the same license tag numbers as those on the automobile they had previously ascertained as being registered to E. C. Shirey during their investigation in September. They further testified that Shirey admitted that he had obtained the liquor in California. They also testified that the then Chief of Police at the time of their interview with him told them that Blackie was hauling liquor into Oklahoma from the west coast. The agents further testified that they had received other tips from the same source relating to the transportation of liquor into Oklahoma and in each instance had found such information reliable, and that when they received this information they considered it reliable and worthy and acted thereon.

That the information was not only reliable, but also true, stands admitted. The information upon which the officers acted was true in every respect. Shirey did leave Los Angeles with tax paid whiskey in the car in question and did come into Oklahoma with it, over Highway No. 66. But that is not all the information the officers had. They knew that Greer had the reputation of hauling liquor into Oklahoma under similar circumstances. They had stopped him on the highway and had attempted to arrest him and had him flee and escape. They ascertained from their conversation with the Chief of Police of Bethany that Shirey had the reputation of bringing liquor into Oklahoma in Travel Bureau cars. They checked and found that Greer had transferred the car in question to Shirey; they also followed Greer to Shirey's house, and while they did not observe the two together, this is evidence of the association between two men who had the reputation of running liquor into Oklahoma from California in Travel Bureau cars. All of these facts and circumstances amply warrant the conclusion of a reasonably prudent man that the car in question at the time was engaged in unlawfully transporting liquor into Oklahoma, and would accordingly justify the officers in searching the car without a warrant.

The two Alcohol Tax Unit agents who received the confidential information and made the arrest and searched the car, while on the stand refused to reveal the source of the information upon which they acted. Their refusal to reveal the source of this information was apparently what prompted the trial court in refusing to receive the evidence resulting from the search and seizure and in declaring the search and seizure illegal.

Whether information from confidential sources which the witness refused to reveal, standing alone, would be sufficient to constitute probable cause warranting a search without a warrant, is a question upon which the lower courts are divided,[3] and is one upon which the Supreme Court apparently has not squarely passed. But it is not necessary for us to pass upon that question here, because, as pointed out, the officers were in possession of numerous circumstances and bits of evidence in addition to the direct tip upon which they acted, to justify them in concluding that Shirey was transporting liquor into Oklahoma. All of these circumstances, together with the tip to the officers, are much more numerous and stronger than those in Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407, which the Supreme Court held constituted probable cause when considered together with the undisclosed information warranted a search without a search warrant. The confidential information was competent to be considered, together with all the other facts and circumstances, in determining the existence of probable cause.

But conceding, without so deciding, for the purpose of the opinion, that all of the evidence resulting from the search should have been excluded, the judgment must still be reversed. While it was necessary to the government's case

---

3 United States v. Keown, D.C., 19 F. Supp. 639, contains an analysis of a large number of cases on both sides of the question.

to establish by competent evidence that the car in question was being used in the transportation of intoxicating liquor into Oklahoma, the appellant Shirey relieved the government from the duty of proving this. When the case was called for trial, Shirey took the laboring oar to establish his right to a return of the car. He was the first witness called, and both on direct examination by his own attorney and on cross-examination he testified that he drove the car in question from Los Angeles, California, to near Elk City in Oklahoma, where he was apprehended, that he had the tax paid whiskey in the car, and that he obtained it in California. This testimony alone entitled the government to a confiscation of the car. At the conclusion of the testimony offered by appellant Shirey, the government moved the court to deny appellant's motion for possession of the car in question. This motion should have been sustained. Shirey's own testimony established beyond a possibility of a doubt that he was using this car in transporting tax paid whiskey from California into Oklahoma and he was accordingly not entitled to the relief which he sought.

The judgment is reversed and the cause is remanded, with directions to proceed in conformity with the views expressed herein.