## HART v. UNITED STATES.
### No. 3433.

Circuit Court of Appeals, Tenth Circuit.
May 21, 1947.

O. A. Brewer, of Hugo, Okl. (W. F. Rampendahl of Muskogee, Okl., on the brief), for appellant.

Cleon A. Summers, of Muskogee, Okl. (Paul Gotcher, of McAlester, Okl., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The appellant, Ted Hart, was tried, convicted and sentenced to three months in jail and fined $200 for the offense of transporting intoxicating liquor into the dry state of Oklahoma, in violation of Section 223, Title 27 U.S.C.A., 49 Stat. 1928. By timely motion, he challenged the constitutionality of

the search of the automobile in which the contraband was found and introduced in evidence against him.

Appellant was arrested by state officers in the presence of a deputy United States Marshal; the search of the automobile was conducted by state officers under authority of a search warrant issued by a state magistrate. The appellant and the contraband were immediately delivered to a Federal liquor enforcement officer who adopted the case, resulting in these charges.

The motion to suppress asserted that the search and seizure was invalid, and the evidence therefore inadmissible under state law; that since it was conducted in co-operation with Federal officers and for the purpose of enforcing Federal law, the search was likewise unlawful and the evidence inadmissible under Federal law. See United States v. Butler, 10 Cir., 156 F.2d 897.

The trial court did not pass upon the validity of the search warrant, under which the search was made, but sustained the search and admitted the contraband in evidence for the stated reason that the facts justified the search without a warrant.

The Government does not attempt to uphold the search on the authority of the search warrant, nor does it deny responsibility therefor, but rests its case squarely upon the authority of officers to search an automobile without a search warrant, if the officers have probable cause to believe that the automobile searched was being used in violation of the liquor laws.

■ Although not literally within the constitutional prohibition, we have long indulged in the notion that a search and seizure of one's person, house, papers and effects, without the authority of a search warrant, issued upon a showing of probable cause, was an unreasonable search and a conviction based upon evidence thus obtained could not stand. Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746; Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647; Amos v. United States, 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654; Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319, 24 A.L.R. 1426. To be sure, security against unreasonable searches is more likely to be attained by resort to search warrants than by reliance upon the "caution and sagacity of petty officers while acting under the excitement that attends the capture of persons accused of crime". United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 423, 76 L.Ed. 877, 82 A.L.R. 775. The courts have, however, recognized a few exceptions to the rule, one of which is the authority of officers to stop and search an automobile without a warrant, and to seize the contraband found therein, if, as reasonably prudent persons they have good cause to believe from the facts in their possession that the automobile was being used to violate the liquor laws. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407; Scher v. United States, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151; United States v. Blich, D.C., 45 F.2d 627; Cannon v. United States, 5 Cir., 158 F.2d 952; United States v. One 1941 Oldsmobile, 10 Cir., 158 F.2d 818; Morgan v. United States, 10 Cir., 159 F.2d 85. See Annotation 74 A.L.R. 1418. [1]

■ In sustaining this authority, we have pointed out the practical difference between the search of a dwelling house or other permanent structure for which a war-

---

[1] See cases upholding search without a warrant, as a proper incident to a lawful arrest. Weeks v. United States, 232 U. S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A. 1915B, 834, Ann.Cas.1915C, 1177; Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409; United States v. Lee, 274 U.S. 559, 47 S. Ct. 746, 71 L.Ed. 1202; Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231; Harris v. United States, 67 S.Ct. 1098; People v. Chiagles, 237 N.Y. 193, 142 N.E. 583, annotation 32 A.L.R. 680.

See also cases upholding search and seizures without a warrant, when the object of the search was public property in the custody of a private citizen, subject to inspection. Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas.1912D, 558; Davis v. United States, 328 U.S. 582, 66 S.Ct. 1256, 90 L.Ed. 1453; Matthews v. Correa, 2 Cir., 135 F.2d 534.

rant may be readily obtained, and the search of an automobile or other moving vehicle "where it is not practicable to secure a warrant, because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." Carroll v. United States, supra [267 U.S. 132, 45 S.Ct. 285]. But, when, sustaining the search without a warrant, upon a showing of probable cause, the courts have been at pains to point out that in cases where the obtaining of a warrant is reasonably practical, it should be required as a prerequisite to the authority to search and seize. Carroll v. United States, supra. To further safeguard the rights of the individual, and to prevent "stealthy encroachments" under the guise of emergency, the courts have been careful to scrutinize the facts upon which the officers rely to establish probable cause for a search without a warrant. Carroll v. United States, supra; Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407; United States v. Blich, supra; Pearson v. United States, 10 Cir., 150 F.2d 219.

The courts have recently upheld the search of one's place of business without the authority of a warrant, on the grounds that the object of the search was public property in the custody of the citizen, subject to inspection. Davis v. United States, 328 U.S. 582, 66 S.Ct. 1256, 90 L.Ed. 1453; Matthews v. Correa, 2 Cir., 135 F.2d 534. Still more recently, they have sustained the thorough search of one's place of dwelling without the authority of a search warrant as an incident to a lawful arrest therein, and to seize whatever they found, the possession of which was unlawful. Harris v. United States, 67 S.Ct. 1098.

If we now sustain the search of one's automobile without inquiry into the validity of the search warrant, under authority of which the search was made, simply because probable cause existed for such search, we will have gone a long way toward abdicating the idea that judicial sanction is a condition precedent to the authority. If probable cause is the only safeguard against unreasonable search, we have dispensed with the precautionary requirements of the warrant and limited the judicial function to a post mortem examination of probable cause. We have thus permitted the exceptions to consume the rule, and rendered impotent those safeguards, which in another day have been called "the very essence of constitutional liberty and security." Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 532, 29 L.Ed. 746.

We think the proper inquiry in cases of this kind is not only whether, under facts in their possession, the officers had good reason to believe that the automobile was being used to violate the liquor laws, but also whether in the peculiar circumstances it was reasonably practical to obtain a search warrant based upon those facts. Cf. Carroll v. United States, supra; Husty v. United States, supra; Taylor v. United States, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951; Walker v. United States, 5 Cir., 125 F.2d 395.

In our case, we may assume that the officers were justified in believing that the automobile was being used, or had been used, to violate the liquor laws, yet the automobile was found standing in a garage after it had completed its journey. No one was in it, or threatening to move it. The automobile was not in the possession of the appellant—he had been arrested and was in jail. There is a complete lack of showing that any circumstance existed which made the obtaining of a search warrant impractical. On the contrary, one of the officers remained with the car while another obtained a warrant, and the search was conducted and the seizure made thereunder. Thus, it cannot be said that the obtaining of a search warrant was not practical nor expedient. There being no justification for the search of the car without a warrant, it cannot be justified solely upon the grounds that probable cause existed.

It follows that the search was unreasonable and the judgment is accordingly reversed.