**UNITED STATES of America,**
**Appellee,**

v.

**Rosario Nick COLLETTI, Defendant,**
**Jack Salvatore Russo, Defendant-**
**Appellant.**

**No. 383, Docket 24498.**

United States Court of Appeals
Second Circuit.

Argued May 8, 1957.

Decided June 7, 1957.

782

Paul W. Williams, U. S. Atty., New York City, for appellee; Myles J. Ambrose, Asst. U. S. Atty., New York City, of counsel.

Bella V. Dodd, Dodd, Cardiello & Blair, New York City, for defendant-appellant.

Before CHASE, HINCKS and LUMBARD, Circuit Judges.

PER CURIAM.

■ The sufficiency of the evidence to take the case to the jury, being clear, the appellant relies for reversal on only claimed trial errors.

■■ The failure of the government to identify the so-called "special employee" with whom Agent Palma arranged for the purchase of the heroin is of no consequence. There was no request for that. Absent such an application to the court, the appellant has failed to show any denial of his rights and Rovario v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639; Portomene v. United States, 5 Cir., 221 F.2d 582; United States v. Conforti, 7 Cir., 200 F.2d 365; and Sorrentino v. United States, 9 Cir., 163 F.2d 627 are, accordingly, all distinguishable. The government's election not to call this man as a witness was not shown to amount to a suppression of material evidence and is no cause for reversal either. Morton v. United States, 79 U.S.App.D.C. 329, 147 F.2d 28.

■ The introduction, during his cross-examination, of the appellant's application for an identity card, which he used in aid of securing work as a longshoreman with the John W. McGrath Corporation, was after he had been shown it, had read it, and had testified without objection that the number of dependents he had was listed on it as three; that he had said what was on the paper; and that it was dated April 21, 1952. He then testified, also without objection, that he couldn't remember "when it came to figuring out" his salary whether he did list three dependents. Assuming that it was improper to cross-examine him on that subject, the harm, if any can be perceived, was done, without objection, before the card was received in evidence. To be sure, he testified that the application was not written by him, but its reception added nothing in contradiction of his testimony and was, at most, harmless error.

■ After testifying on direct examination that he had never been convicted of any "crime or offense," the government's attorney was allowed to show on his cross-examination that he had, while in the army, twice been convicted of what the appellant called "a fight assault." We need not determine whether this would otherwise have been proper cross-examination, see United States v. Provoo, 2 Cir., 215 F.2d 531, 536, for it was permissible in contradiction of the appellant's previous testimony on the subject of his previous good conduct which he had himself put in issue.

The other asserted errors which were briefed and argued are too unsubstantial to require comment.

Judge LUMBARD wishes it stated that it was error to admit Exhibit 8 because it was never shown that the defendant was responsible for what was written on the application, but under the circumstances of this case, the error was harmless.

Judgment affirmed.