51 Cal.2d 355 (1958)
THE PEOPLE, Respondent,
v.
ROBERT WILLIAMS, Appellant.
Crim. No. 6275. 
Supreme Court of California. In Bank. 
Dec. 19, 1958.
 Ellery E. Cuff, Public Defender (Los Angeles), and Paul G. Breckenridge, Jr., Deputy Public Defender, for Appellant.
 Edmund G. Brown and Stanley Mosk, Attorneys General, William E. James, Assistant Attorney General, and Albert Bianchi, Deputy Attorney General, for Respondent.
 GIBSON, C.J.
 Defendant was convicted on two counts of selling narcotics in violation of section 11500 of the Health and Safety Code, and he appeals, contending that the trial court erred in failing to strike the testimony of a police officer who refused to disclose the identity of an informer. *357
 Officer Renty was the only witness for the prosecution, and he testified as follows with regard to two transactions which occurred about three months before defendant's indictment and arrest: On February 4, 1957, Renty was standing on East Fifth Street in Los Angeles with an informer who had been used by the police on other occasions. The informer called to defendant, addressing him as "Red," and, when defendant walked over to them, the informer told him that Renty "had the money," which meant, in narcotics parlance, that Renty wanted to buy narcotics. Defendant said that he "could do us some good," and, while the informer waited outside, Renty and defendant entered a nearby cafe, where Renty handed defendant a ten-dollar bill. Defendant gave him some narcotics and a one-dollar bill. On February 7, 1957, Renty was again in the area when he saw defendant and said that he had nine dollars. They entered the same cafe, and defendant sold Renty more narcotics. Renty had not known defendant prior to February 4, and, in consummating the second transaction, he was relying on the first one.
 On cross-examination Renty refused to disclose the identity of the informer. Defendant testified to the effect that the officer was mistaken in identifying him as the one who had made the sales, and he moved to strike Renty's testimony as to both counts on the ground that the informer was a material witness whose identity was necessary to a fair presentation of the defense. The motions were denied.
 [1] It has long been recognized that, although the government is generally privileged to withhold the identity of informers, the privilege must give way when it comes into conflict with the fundamental principle that a person accused of crime is entitled to a full and fair opportunity to defend himself. (Regina v. Richardson (Eng.), 3 F. & F. 693; see Marks v. Beyfus (Eng.), 25 Q.B.D. 494, 498.) While the language employed in describing the restriction on the privilege is not always the same, it does not vary in any substantial respect. Thus, Wigmore states that disclosure may be compelled if it "appears necessary in order to avoid the risk of false testimony or to secure useful testimony" (8 Wigmore on Evidence (3d ed. 1940) 2374, p. 756), and the United States Supreme Court in its latest opinion on the question declares that a limitation arises from the fundamental requirements of fairness where disclosure is "relevant and helpful to the defense of an accused, or is essential to a fair determination *358 of a cause." (Roviaro v. United States, 353 U.S. 53, 60-61 [77 S.Ct. 623, 1 L.Ed.2d 639].)
 [2] What is important is not the precise phraseology used but the firmly established principle that the privilege may not be invoked in a criminal case in which the identity of the informer is material to the defense and nondisclosure would result in denying the defendant a fair trial. (Roviaro v. United States, supra, 353 U.S. 53, 60-62; Portomene v. United States, 221 F.2d 582, 584; Sorrentino v. United States, 163 F.2d 627, 628- 629; Wilson v. United States, 59 F.2d 390, 391 et seq.; United States v. Blich, 45 F.2d 627, 629; United States v. Keown, 19 F.Supp. 639; People v. Alvarez, 154 Cal.App.2d 694, 696 et seq. [316 P.2d 1006]; People v. Castiel, 153 Cal.App.2d 653, 656-659 [315 P.2d 79]; People v. Lawrence, 149 Cal.App.2d 435, 450-452 [308 P.2d 821]; Crosby v. State, 90 Ga.App. 63 [82 S.E.2d 38, 39-40]; Hamilton v. State, 149 Miss. 251 [115 So. 427, 428]; see Scher v. United States, 305 U.S. 251, 254 [59 S.Ct. 174, 83 L.Ed. 151]; United States v. Conforti, 200 F.2d 365, 367-369]; United States v. Li Fat Tong, 152 F.2d 650, 652; United States v. Heitner, 149 F.2d 105, 107; Morgan, Basic Problems of Evidence (1954) p. 119; McCormick on Evidence (1954) 148, pp. 310-311; 3 Wharton's Criminal Evidence (12th ed. 1955) 795, pp. 136-137.)
 [3] A comparable rule exists with respect to the government's privilege to withhold documents in its possession. For many years courts have compelled the government to produce documents material to the defense in a criminal case. (Jencks v. United States, 353 U.S. 657, 670 et seq. [77 S.Ct. 1007, 1 L.Ed.2d 1103]; Gordon v. United States, 344 U.S. 414, 419 [73 S.Ct. 369, 97 L.Ed. 447]; United States v. Andolschek, 142 F.2d 503, 506; Powell v. Superior Court, 48 Cal.2d 704, 709 [312 P.2d 698]; People v. Moses, 11 Ill.2d 84 [142 N.E.2d 1, 4]; State v. Guagliardo, 146 La. 949 [84 So. 216, 219]; People v. Davis, 52 Mich. 569 [18 N.W. 362, 363-364]; Centoamore v. State, 105 Neb. 452 [181 N.W. 182, 183-184]; People v. Schainuck, 286 N.Y. 161 [36 N.E.2d 94, 96]; see United States v. Reynolds, 345 U.S. 1, 12 [73 S.Ct. 528, 97 L.Ed. 727, 32 A.L.R.2d 382]; Parsons v. State, 251 Ala. 467 [38 So.2d 209, 216].)
 The scope of the limitation upon the privilege of concealing the identity of an informer may be better understood by considering some of the situations in which the problem frequently arises. [4] Disclosure is required where the informer participated in the crime with which the defendant is *359 charged. (E.g., Portomene v. United States, supra, 221 F.2d 582, 584; People v. Lawrence, supra, 149 Cal.App.2d 435, 450-452.) However, the limitation is not confined to such cases, since it is based upon materiality of the informer's identity to the defense. [5] Clearly, for example, an informer who took no part in the crime but was an eyewitness may be in a position to give highly significant testimony. (See United States v. Conforti, supra, 200 F.2d 365, 367-369.) [6] Also, where the informer did nothing more than give the police information leading to a search and seizure made without a warrant and alleged to be unlawful, courts have compelled disclosure if the informer's communication was the only justification for the action of the police. (Wilson v. United States, supra, 59 F.2d 390, 391 et seq.; United States v. Blich, supra, 45 F.2d 627, 629.) In that type of case the identity of the informer is material because, unless he was a person upon whose credibility the police were entitled to rely, the necessary showing of reasonable cause for the search and seizure would not be present. On the other hand, the limitation upon the privilege does not apply, of course, in every criminal case. [7] For example, disclosure has not been required where there was reasonable cause for a search and seizure apart from an informer's communication which led the police to suspect the defendant. (Scher v. United States, supra, 305 U.S. 251, 254.)
 Three cases recently decided by this court are in accord with the established principles discussed above. (Priestly v. Superior Court, 50 Cal.2d 812 [330 P.2d 39]; People v. McShann, 50 Cal.2d 802 [330 P.2d 33]; Mitchell v. Superior Court, 50 Cal.2d 827 [330 P.2d 48].) Those decisions in no way extend or proscribe either the privilege or the limitation to which it is subject; they hold that disclosure is to be made where, in connection with a claim of illegal search and seizure, there is no showing of reasonable cause, apart from the informer's communication (Priestly v. Superior Court, supra, 50 Cal.2d at p. 816 et seq.), or where, in view of the evidence, the informer would be a material witness on the issue of guilt and nondisclosure of his identity would deprive the defendant of a fair trial (People v. McShann, supra, 50 Cal.2d at p. 808 et seq.; Mitchell v. Superior Court, supra, 50 Cal.2d at pp. 829-830).
 [8] In the light of the undisputed evidence in the present case, the informer was clearly a material witness on the issue of guilt with respect to the first sale. He not only saw the *360 seller of the narcotics, whom he knew prior to that occasion, but also was instrumental in bringing about the transaction. As a witness at the trial he might have testified that defendant was not the seller of the narcotics, and such testimony would have been especially important to the defense in view of the fact that the officer was the sole witness for the prosecution and that, so far as appears from the record, he saw the culprit for only a few minutes, three months prior to defendant's indictment and arrest. Under the circumstances, disclosure of the identity of the informer was necessary to a fair trial of count one.
 [9] Although the informer did not witness the second transaction, it was consummated in reliance upon the prior one, and the theory of the prosecution, as sought to be established by the officer's testimony, was that the same person, allegedly defendant, committed the two offenses. If the informer had contradicted the officer's identification of defendant as to the first sale, this would have been highly material evidence to show that the officer was also mistaken in connecting defendant with the second transaction.
 The failure to compel disclosure of the informer's identity resulted in a miscarriage of justice with respect to both counts. (See Cal. Const., art. VI, 4 1/2.)
 The judgment and the order denying a new trial are reversed.
 Carter, J., Traynor, J., and Schauer, J., concurred.
 SPENCE, J.
 I concur in the reversal with respect to both counts, but I adhere to the views expressed in my concurring and dissenting opinion in People v. McShann, 50 Cal.2d 802, 811 [330 P.2d 33].
 There is a clear distinction between the present case and the McShann case. Here defendant was not arrested until three months after the alleged offenses had been committed. Officer Renty testified that defendant was the person who had made both sales. Defendant denied any participation in either sale. In other words, the defense was based upon the claim that Officer Renty had been mistaken in identifying defendant as the person who had made the two sales. Under these circumstances the majority properly conclude that testimony of the informer as to the identity of the person involved could have been of material benefit to the defense.
 In the McShann case, however, defendant was arrested at *361 the time of the second offense, namely possession, while he actually had narcotics on his person. No question of identity was involved. Following the guiding principles declared in Roviaro v. United States, 353 U.S. 53 [77 S.Ct. 623, 1 L.Ed.2d 639], as to the conditions which require the disclosure of the name of the informer, and "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense" (p. 62), I am of the opinion that the balance is in favor of the "individual's right" here but that the balance was in favor of the "public interest" in the McShann case insofar as the second count of possession was concerned.
 Shenk, J., and McComb, J., concurred.