[Crim. No. 6591.   Second Dist., Div. Three.   July 6, 1959.]

THE PEOPLE, Respondent, v. FEDERICO
GUTIERREZ, JR., Appellant.

Joseph T. Forno for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Marvin L. Part, Deputy Attorney General, for Respondent.

SHINN, P. J.—Federico Gutierrez, Jr., was charged by information with possessing heroin. It was also alleged that he had suffered a prior felony conviction for a violation of Penal Code, section 273-d. Gutierrez pleaded not guilty and denied the prior conviction. In a court trial, he was found guilty of possessing heroin and although no evidence was introduced as to the alleged prior conviction the court found the prior to be true. Gutierrez appeals from the judgment and the denial of his motion for a new trial.

It is not contended on the appeal that the evidence was insufficient to support the conviction. Gutierrez did not testify. His contentions are that the court should have ordered disclosure by the arresting officer of the sources of confidential information relied upon to establish probable cause for his arrest and that the heroin was obtained as the result of an unlawful search and seizure.

The evidence consisted of that received at the preliminary hearing and additional evidence introduced at the trial. Officer Fesler testified that he received information from a reliable confidential informant that a large heavy-set Mexican, approximately 35 to 40 years of age, was selling narcotics near a liquor store on Castelar Street in Los Angeles. The following week, Colwell, a police lieutenant, passed on to Fesler information received from the sheriff's department to the effect that a large heavy-set Mexican known as Kiko was living on Hill Street between Sunset and Alpine and that Kiko always had heroin in his possession and could deliver up to seven grams without advance notice. Fesler also learned from Colwell that Kiko capped the heroin at the home of his unsuspecting sister or sister-in-law, who lived across the street, and he obtained from the lieutenant a telephone number used to facilitate narcotic purchases from Kiko.

Fesler checked the telephone number and found that it was listed to a person named Gutierrez, living at 723 North Hill Street. A search of police files revealed that "Kiko" is a nickname for Federico and that a paroled narcotics offender named Federico Gutierrez was living at 746 North Hill. On the afternoon prior to the arrest Officer Fesler drove past the latter address in a police car. Four or five men standing in front of the house scrutinized him carefully as he drove by. He returned in the evening and a similar incident occurred.

The following morning, Fesler and three other officers went to 723 North Hill. They were admitted by a Josephine Gutierrez who told them that she had a brother-in-law named Kiko

who came around nearly every day. The officers searched the house with her permission and found two guns and two boxes of gelatin capsules. Mrs. Gutierrez denied owning the capsules. Several children entered the house and when asked by the officers where Uncle Kiko was, they pointed to 746 North Hill.

Fesler went to the front of 746 and another officer went to the rear. The front door was ajar; Fesler knocked but received no response. He entered the living room and saw appellant going into the kitchen. Fesler identified himself and told Gutierrez not to move as he was under arrest. Appellant ran toward the bedroom where he was overpowered by Fesler and his fellow officer after a lengthy struggle and a plastic bag containing a narcotics kit and a quantity of heroin was removed from his pocket. Gutierrez told the officers that the heroin was his.

On cross-examination, Fesler admitted that he had neither a warrant for the search of the premises at 746 North Hill nor a warrant for appellant's arrest. When asked to reveal the source of the information he received about the man selling narcotics on Castelar Street, he refused to answer upon the ground that the name of his informant was privileged. Appellant's counsel then moved to strike Fesler's testimony regarding the communication and the motion was granted by the court. Upon being asked to reveal the source of his information concerning Kiko, Fesler replied that he received the information from Lieutenant Colwell and Officer Drees. Gutierrez sought and obtained a continuance in order to subpoena the two officers.

When trial resumed, Colwell was called as a defense witness but Drees did not appear. Upon being asked the source of the information he gave to Fesler, Colwell replied that he obtained it from a Captain Madden. Appellant then sought a second continuance in order to secure the appearance of Madden and Drees. He also offered to stipulate that all the testimony of the officers respecting information they received prior to Fesler's actual investigation be stricken; the stipulation was accepted by the deputy district attorney; the court said "Very well"; both sides rested. This stipulation related to information received from Colwell. Evidence of information received from the unnamed informant had previously been stricken. Appellant then objected to the introduction in evidence of the heroin and made a motion to suppress the evidence upon the ground that it had been obtained by means of an illegal search

and seizure. The objection was overruled by the court and the motion to suppress was denied.

Where the prosecution seeks to show probable cause for an arrest and search by testimony as to communications from an informer, the identity of the informer must be disclosed when the defendant seeks disclosure or such testimony must be stricken on proper motion of the defense. (*Priestly* v. *Superior Court*, 50 Cal.2d 812, 819 [330 P.2d 39].) But disclosure may not be required where there was probable cause apart from the informer's communications. (*People* v. *Williams*, 51 Cal.2d 355, 359 [333 P.2d 19].)

This case has its peculiar aspects. The deputy district attorney had the option either to reveal the identity of the anonymous informer or to suffer the testimony of Fesler concerning information received from the informer to be stricken. The deputy chose the latter alternative. But there still remained the testimony of Fesler as to information received from Drees and Colwell and Colwell's testimony as to information received from Madden. When this was stricken upon stipulation there remained no evidence tending to prove that Fesler had reasonable grounds for an arrest and search. Nevertheless, the deputy in argument relied in part upon evidence that had been stricken, namely, the telephone number and the identification of "Kiko" as a seller of narcotics. It is obvious that without the nickname and the telephone number Fesler would not have known of Mrs. Guiterrez, would not have gone to her house and would not have discovered the guns and gelatin capsules. And the deputy also mistakenly asserted in argument that Mrs. Gutierrez told the officers that the guns found in her house belonged to appellant. There was no such testimony. The officers observed no suspicious conduct on the part of Gutierrez prior to his arrest. The only information upon which they could have made a valid arrest and search having been stricken, the objection to the introduction in evidence of the heroin should have been sustained and the cause dismissed. The People could not consent to the striking out of the evidence and yet rely upon it as justification for the arrest and search. There was no reason shown for striking out the testimony of the officers respecting information received from each other. A reversal will set the cause at large for a retrial.

The judgment and order appealed from are reversed.

Wood (Parker), J., and Vallée, J., concurred.