William BUFORD, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 19523.

United States Court of Appeals Fifth Circuit.

Oct. 10, 1962.

---

1. 28 U.S.C.A. § 1404(a).

Gus Rallis, El Paso, Tex., for appellant.

M. H. Raney, Asst. U. S. Atty., El Paso, Tex., Ernest Morgan, U. S. Atty., San Antonio, Tex., Fred J. Morton, Asst. U. S. Atty., El Paso, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and BROWN, Circuit Judges.

PER CURIAM.

Defendant appeals his jury conviction under the narcotics laws, 21 U.S.C.A. § 176a and 26 U.S.C.A. § 4744(a) (1), on two grounds: first, that the trial court erred in denying his motion to suppress the use as evidence of the narcotics seized at his arrest; secondly, that the trial court erred in not allowing appellant to inquire as to the identity and thus reliability of the informer.

■ On the appellant's first argument, the Court is convinced that the record shows that the appellant's arrest without a warrant[1] was based on "probable cause" under the Fourth Amendment and "reasonable grounds" of belief under 26 U.S.C.A. § 7607 that appellant was violating the narcotics laws, within the meaning of Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.

A customs agent had received information from a previously reliable source that two known persons other than appellant were sending marihuana to an unknown recipient (later determined to be appellant), and that these same persons were receiving Western Union money orders for the marihuana. This customs agent discovered at the Western Union office that there was a money order addressed to these two known persons from Buford, the appellant, in St. Louis. A customs agent in St. Louis was notified of a shipment of marihuana in a suitcase and it was determined at the airport express office in St. Louis that this suitcase was addressed to appellant. When the appellant came to claim the suitcase, he was arrested and the suitcase was determined to contain marihuana. From this evidence appellant was convicted.

■ Appellant's second argument, that he should have been allowed to determine the identity and reliability of his informer, is equally without merit. There is no hard and fast rule as to such disclosure. The problem is one of balancing the interest of protecting the flow of such information against the interest of the individual's right to prepare his defense, Roviaro v. United States, 353 U.S. 53, 61–62, 77 S.Ct. 623, 1 L.Ed.2d 639. See Portomene v. United States, 5th Cir., 221 F.2d 582. We are satisfied that appellant's defense was in no way prejudiced by the non-disclosure of identity. There was here sufficient corroborating evidence not only to justify an arrest without a warrant, but also to protect the identity of the informer.

The judgment is

Affirmed.

1. 26 U.S.C.A. § 7607 provides for arrest without warrant by a customs agent for narcotics violations where "such person has reasonable grounds to believe that the the person to be arrested has committed or is committing such violation."