**UNITED STATES of America, Appellee,**

v.

**Edward SAWYER, Appellant.**

**No. 183, Docket 72–1647.**

United States Court of Appeals, Second Circuit.

Argued Sept. 27, 1972.

Decided Nov. 8, 1972.

Pierce Gerety, Jr., Legal Aid Society (Robert Kasanof, New York City, on the brief), for appellant.

L. Kevin Sheridan, Asst. U. S. Atty. (Robert A. Morse, U. S. Atty., E. D. N. Y., and George G. Bashian, Jr., Asst. U. S. Atty., of counsel), for appellee.

Before HAYS, OAKES and TIMBERS, Circuit Judges.

## PER CURIAM:

This appeal from a narcotics conviction [1] is based upon two questions asked by the prosecuting attorney in his cross-examination of the defendant-appellant. After timely objections to the first question had been overruled and to the second question sustained, the jury was instructed by the court immediately, and again in the charge to the jury, to disregard any inferences from the questions. Defendant's timely motion for a mistrial based upon the two questions was denied.

Prior to the commencement on January 24, 1972, of the trial in this case, defendant entered a plea of guilty in the New York Supreme Court, Kings County, to a charge of manslaughter on an original charge of first degree murder of one Elizabeth Reeves. Defendant testified in this case on his own behalf and his trial attorney skillfully determined to bring out the murder charges and the manslaughter plea directly. He then asked defendant to tell the jury "the nature of the circumstances surrounding this particular charge on which you are now awaiting sentence." To this defendant answered that in April 1970 a "hunting rifle owned by me accidentally discharged killing a friend of mine in my apartment."

On cross-examination the prosecuting attorney asked the following question:

Now, isn't it true, Mr. Sawyer, that the autopsy report on Miss Reeves in-

---

1. Conviction was on two counts (1 and 3) for the sale of cocaine not in or from an "original stamped package," under the now-repealed provisions of 26 U.S.C. § 4704(a), and two counts (2 and 4) for the sale on the same two occasions not "in pursuance of a written order of the person to whom [the narcotic] is sold" under the provisions of 26 U.S.C. § 4705(a), which has also since been repealed. Appellant was sentenced to 7½ years to be served concurrently on counts 1 and 3, and 5 years to be served concurrently (with each other and with the sentence on count 1) on counts 2 and 4.

dicated that she had three bullet holes in her body?

Objection to this was overruled even though the autopsy report was not in evidence and defendant answered that he was "not aware" of this. The prosecutor then pursued the same line further:

Do you know whether or not the autopsy report indicates that Miss Reeves had a broken nose?

Objection to this was made and before ruling the court elicited from defendant that he knew nothing about the autopsy report. The defendant moved for a mistrial and after a bench conference the trial judge told the jury that he had instructed the prosecutor to stop that line of questioning and said further:

. . . Now, there is no evidence in this case regarding an autopsy report which may have been inferred from the question placed by Mr. Bashian, and I want you to draw no inference from such a report unless there was proper proof of it, and there isn't any in this case so please take it out of your minds.

I have stopped Mr. Bashian from continuing that line of questioning. He asked two questions and they are to create no impression in your mind.

The Court did not prohibit the first question asked by Mr. Bashian on the ground that some questions had been asked of Mr. Sawyer by Mr. Kelly, and you heard me mention that you opened the door, so we stay there.

Now, please don't start to think or guess, or anything, about what might be in autopsy report. So dismiss it from your mind completely, and, Mr. Bashian, you may continue your inquiry.

■ Quite evidently, the reference to the autopsy report was improper since the report was not in evidence. *See* 6 J. Wigmore, Evidence § 1808, at 276–79

(3rd ed. 1940); Gale v. People, 26 Mich. 157, 161 (1872) (Cooley, J.) ("[A] review of the evidence in this case suggests very forcibly, that however full may be the explanation, a list of questions which assume the existence of damaging facts, may be put in such a manner, and with such persistency and show of proof, as to impress a jury that there must be something wrong even though the prisoner fully denies it, and there is no other evidence."). *Cf.* Richardson v. United States, 150 F.2d 58, 63–64 (6th Cir. 1945) (repetitious unjustifiable accusations held prejudicial error). The reference was improper even though, since defendant himself had opened the door in describing the "nature of the circumstances" of the killing as "accidental," Walder v. United States, 347 U.S. 62, 65, 74 S.Ct. 354, 98 L.Ed. 503 (1954); United States v. Colletti, 245 F.2d 781, 782 (2d Cir.), cert. denied sub nom. Russo v. United States, 355 U.S. 874, 78 S.Ct. 125, 2 L.Ed.2d 78 (1957), the prosecutor properly could have inquired whether there were three bullet holes in Miss Reeves' body or whether she had a broken nose. *Cf.* Michelson v. United States, 335 U.S. 469, 479, 485, 69 S.Ct. 213, 93 L.Ed. 168 (1948). *But cf.* United States v. Beno, 324 F.2d 582, 588 (2d Cir. 1963).[2]

■ Here any prejudice from the improper questions was minimal. The jury knew from defendant's own testimony that he had been charged with murder and had pleaded guilty to the crime of manslaughter, which alone would cast some doubt on his claim that the killing had been "accidental." The court acted promptly and decisively to instruct the jury to "dismiss from your mind" any thinking or guessing about the autopsy report. *Cf.* United States v. Fried, 464 F.2d 983 (2d Cir., 1972), at 985. *But cf.* Krulewitch v. United States, 336 U.S. 440, 453, 69 S.Ct. 716, 93 L.Ed. 790 (1949) (Jackson, J., concurring). Had

---

2. Parenthetically, it is not altogether unlikely that, had the prosecutor sought to introduce the autopsy report itself, he might have been permitted to do so, in the trial court's discretion, for limited purposes of impeachment, the defendant having opened the door more than a crack.

the prosecuting attorney in any way persisted in reference to the autopsy report, Richardson v. United States, *supra,* or had he argued it, Batchelder v. Manchester Street Railway, 72 N.H. 329, 56 A. 752 (1903), reversible error would obtain, United States v. Beno, *supra.* Here, however, following the instructions of the court, the subject was wholly dropped. This is not a case where the prosecutor was alluding falsely to the existence of the report, although his reference may have been inaccurate since we do not know by how many bullets the holes in Miss Reeves' body were caused. It is, rather, a case where the prosecutor's improper questions, when viewed in the context of defendant's testimony concerning his plea of guilty to manslaughter, had "only a marginal prejudicial impact" and "thus may be cured by appropriate instructions." United States v. Semensohn, 421 F.2d 1206, 1208 (2d Cir. 1970).

We conclude, on balance, that reversible error did not ensue.

Judgment affirmed.